## EX PARTE WM. JANES—HABEAS CORPUS.

The Governor of the Territory of Nevada had the right to pardon absolutely or conditionally, but no right to commute one punishment for another. He could not issue an order to confine a man in the penitentiary who had been sentenced to be hung.

The Governor of the State of Nevada could not pardon without the concurrence of at least two other members of the Board in whom the pardoning power is vested by the Constitution.

The Warden of the penitentiary is not entitled to the custody of the prisoner. He should properly be in the custody of the Sheriff of Storey County.

Defective sentence of execution whether sufficiently specific to justify the Sheriff. Query?

This was an application for writ of *habeas corpus* made directly to the Supreme Court.

*Clayton & Clarke*, Counsel for Petitioner.

*Geo. A. Nourse*, Attorney General, per contra.

Points for Petitioner :

The sentence originally passed on prisoner did not direct him to be hung by the *neck*, nor until he was *dead*.

It would not have been a justification to the Sheriff to execute the prisoner.

The warrant issued by the Governor of the Territory was unauthorized by law, and did not justify the Warden in receiving or holding the prisoner in custody.

The pardon of the 3d of December entitles the prisoner to his discharge.

There is no brief on file by the Attorney General.

Opinion by BEATTY, J., LEWIS, C. J., concurring.

This was an application for the writ of *habeas corpus*, made returnable before this Court, and the facts disclosed by the petition of the applicant and the return of the Warden of the State Penitentiary, are as follows :

In the month of April, 1864, the petitioner was convicted of murder in the first degree, in Storey County. He was sentenced to be executed on the 2d day of June, 1864. The sentence recited the crime of which he was convicted, and directed that he should, between certain hours of that day, and at some suitable place, to be selected by the Sheriff of Storey County, be hung. It did not, however, declare he should be hung by the neck, or hung until he was dead. Before the day of execution arrived the Governor of the then Territory of Nevada issued in his official capacity a paper purporting to be a commutation of the sentence of Janes, and directing him to be delivered over by the Sheriff of Storey County to the Warden of the Territorial prison or penitentiary, and requiring the Warden to hold him in prison during his natural life.

By authority of this paper and none other, he was delivered over to the Warden some time in 1864, and by him retained in custody. On the 3d of December, 1864, J. W. Nye, then acting as Governor of the State of Nevada, under the provisions of the Constitution which continued the Territorial Governor in that position until the election and qualification of the new State officers, issued another paper granting, or pur-

porting to grant, a pardon to the petitioner, coupled w conditions.

*First*—That the pardon should not take effect for six months.

*Second*—That the petitioner should leave the State of Nevada, and not return thereto.

At the end of six months from the date of this paper, the Warden of the penitentiary released the prisoner, and he left the State.

Upon being informed by the Warden that his authority to release him had been questioned, and a request made that he would return and deliver himself up until the law governing the case could be settled, he voluntarily returned, delivered himself to the Warden, and sued out this writ.

The first question to be determined is, was Janes originally committed to the keeping of the Warden by any legal authority? Under the Organic Act of the Territory the Governor had the power to pardon persons who had been convicted of murder. The general power to pardon carries with it the power to pardon on conditions. If a condition precedent be imposed, that condition must be performed, or the pardon never takes effect. If subsequent, the pardon becomes null and void on the breach of the condition. (See Bacon's Abr., vol. 7, head Pardon, Letter (E), and authorities there cited.)

Upon a breach of the condition, the party would be liable to arrest and execution. But as we understand the term condition as applied to pardons, it is different from commutation. A condition is some act to be voluntarily performed by the party, or some one for him. A commutation is the change of one punishment known to the law for another and different punishment also known to the law.

In neither case can the punishment be inflicted unless by authority of law. Now, whilst the Governor of the Territory had authority to pardon, he had none, we believe, to order the petitioner to be punished by confinement in the penitentiary. The Warden was guilty of an illegal act in receiving him from the Sheriff of Storey County and confining him in the penitentiary. The Sheriff of Storey County was derelict in his duty in surrendering the prisoner to the Warden. The paper

# SUPREME COURT OF NEVADA, 1865.

orcross G. and S. M. Co. *v.* Bajazette and Golden Era G. and S. M. Co.

by the Governor not being a pardon, but a commuta-on, which he had no legal authority to make, was a nullity.

The pardon issued on the 3d of December last was also a nullity. The State Constitution had gone into effect, and under that Constitution the pardoning power is vested in a board of five persons. It requires the Governor and at least two other members of that Board to concur in granting a pardon. This does not purport to have been done by any other person than the Governor.

From these views, it is apparent the Warden of the penitentiary has no right to hold the prisoner. It is equally apparent the Sheriff should never have delivered the custody of the prisoner to the Warden.

The Act of the Territorial Legislature of Nevada in regard to *habeas corpus*, provides in section 26 as follows:

" In cases where any party is held under illegal restraint or custody, and any other person is entitled to the restraint or custody of such party, such Judge may order such party to be committed to the restraint or custody of such person as is by law entitled thereto."

Under the provisions of this section, the prisoner is ordered to be delivered into the hands of the Sheriff of Storey County, to be by him held until further orders of the District Court of the First Judicial District. Whether the original judgment directing the execution of the prisoner, was sufficiently specific to have justified the Sheriff in carrying the sentence into execution, need not be determined in this proceeding. Doubtless the District Court can enter a sufficient judgment. We are satisfied the Sheriff had no authority to release the prisoner, nor to entrust him to the custody of any other person than the Jailor of Storey County or some deputy or bailiff of the Sheriff for safe keeping.