[No. 2372]

## THE STATE OF NEVADA, EX REL. LESTER D. SUMMERFIELD, AS DISTRICT ATTORNEY OF WASHOE COUNTY, NEVADA, PETITIONER, *v.* THOMAS F. MORAN, AS ONE OF THE JUDGES OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENT.

[182 Pac. 927]

1. CRIMINAL LAW—SUSPENSION OF SENTENCE—CONSTITUTIONALITY OF STATUTE.

   Rev. Laws, 7259, authorizing the court to suspend sentence except in specified cases, is unconstitutional; there being no constitutional authority therefor, and method of suspending sentence provided for by Const. art. 5, secs. 13, 14, being exclusive.

2. CRIMINAL LAW—LIMITATION ON POWER—SUSPENSION OF SENTENCE.

   Where the constitution enumerates certain cases in which the collection of a fine may be suspended, or certain methods whereby it may be done, or confers such power upon certain official or officials, the power so conferred is exclusive.

ORIGINAL PROCEEDING in mandamus by the State of Nevada, on the relation of Lester D. Summerfield, as District Attorney of Washoe County, Nevada, against Thomas F. Moran, as one of the Judges of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe. **Writ issued.**

*Lester D. Summerfield,* District Attorney (in pro. per.), and *W. M. Kearney,* Deputy District Attorney, for Petitioner:

The court was without authority to suspend sentence. The court acted under and by virtue of section 7259 of Revised Laws of 1912. Said statute is unconstitutional and void, as under it the court exercises the pardoning power, which is by the state constitution vested in the board of pardons. Const. Nev. art. 3, sec. 1, art. 5, sec. 14. The pardoning power being vested in the board of pardons, the courts are excluded from exercising, directly or indirectly, the same power. People v. Brown, 19 N. W. 571; Neal v. State, 30 S. E. 858; U. S. v. Wilson, 46 Fed. 748; People v. Barrett, 63 L. R. A. 82; In Re Flint, 71 Pac. 531; In Re Webb, 62 N. W. 177.

The pardoning power being vested in the board of pardons, it cannot under the constitution be exercised by any other branch of the government, except "in the cases herein expressly directed or permitted." There has been no such express direction or permission. Ex Parte Shelor, 33 Nev. 361.

*W. M. Kennedy, E. W. Cheney,* and *LeRoy F. Pike,* Amici Curiæ, for Respondent:

The Constitution of Nevada (art. 5, sec. 14) provides that the governor and certain other officials may remit fines and forfeitures, commute punishments, and grant pardons "after conviction." The word "conviction," as used in this section, means not only the verdict or plea of guilty, but the judgment of the court imposing sentence. Smith v. Commonwealth, 14 Serg. & R. 69; Commonwealth v. Gorham, 99 Mass. 420; Marion v. State, 20 N. W. 389; State v. Townley, 48 S. W. 833; Gallagher v. State, 10 Tex. App. 469; Commonwealth v. Kiley, 23 N. E. 55; State v. Barnes, 4 South. 560; Gilmore v. State, 108 Pac. 416. "A conviction in a clause of the constitution giving the governor power to grant pardons after convictions for all offenses means conviction by the

verdict and the judgment of the court." State v. Alexander, 76 N. C. 231.

It was the intention of the legislature to make the suspension of sentence not an exercise of the court's leniency or to confer upon the court the pardoning power, but to make the suspension a part of the judgment. The suspension of the sentence is a part of the sentence. Ex Parte Mitchell, 126 Pac. 856; In Re Wadleigh, 23 Pac. 191; In Re Hart, 149 N. E. 568; People v. Stickle, 121 N. W. 497; State v. Smith, 90 N. E. 607; Gray v. State, 8 N. E. 16; State v. Mallshan, 118 Pac. 42.

By the Court, COLEMAN, C. J.:

This is an original proceeding in mandamus.

The facts out of which the proceeding grows are these: In the year 1915 one Adrian C. Wheeler was convicted of a crime in the district court of Washoe County, Nevada; the respondent presiding. Thereafter the respondent, as such judge, pronounced judgment and sentence upon said Wheeler, whereby it was ordered, adjudged, and decreed that he pay a fine, and that upon default in the payment of said fine he be confined in the county jail; and as a part of said judgment it was ordered that such sentence and judgment be stayed and suspended during good behavior, and until a further order of the court. The said Wheeler has paid no part of said fine nor served any part of said sentence. The purpose of this proceeding is to compel the respondent judge to enforce the payment of the fine, and in default of such payment to commit the said Wheeler to jail in pursuance of the sentence and judgment of the court.

The court in suspending the judgment and sentence acted in pursuance of section 7259 of the Revised Laws of 1912, which provides:

"Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may

in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended and that the defendant be released from custody on such conditions as the court may impose until otherwise ordered by such court."

It is the contention of the petitioner that the court was without authority to suspend the sentence and judgment of the court, for the reason that the statute in question is unconstitutional, null, and void.

1. The writer of this opinion, while district judge, on several occasions suspended sentence, no objection having been raised as to the constitutionality of the statute in question; but on careful examination of the question here presented he is convinced that such action was without authority of law. Article 5, section 13, of the Constitution of Nevada, authorizes the governor "to suspend the collection of fines and forfeitures, and grant reprieves for a period of sixty days"; and section 14 of the same article of our constitution provides:

"The governor, justices of the supreme court and attorney-general, or a major part of them, of whom the governor shall be one, may upon such conditions and with such limitations and restrictions as they may think proper, remit fines and forfeitures, commute punishments and grant pardons after convictions, in all cases, except treason and impeachments, subject to such regulations as may be provided by law, relative to the manner of applying for pardons."

2. We see no way to escape the conclusion that the authority to suspend the collection of a fine can be exercised only in the manner provided in the constitution. To hold, in the face of the provisions mentioned, that the courts also can suspend the collection of a fine would be to override our constitution; for, while there is nothing in the constitution which expressly provides that the legislature may not confer this authority upon the courts, it must necessarily follow that where the constitution enumerates certain cases in which the collection of a fine may be suspended, or certain methods

whereby it may be done, or confers upon a certain official or officials such power, the power so conferred must be held to be exclusive. This view is not open to debate. In State v. Arrington, 18 Nev. 412, 4 Pac. 735, the court said:

"We admit also that the legislature can perform any act not prohibited by the constitution; that, outside of constitutional limitations and restrictions, its power is 'as absolute, omnipotent, and uncontrollable as parliament.' But in seeking for limitations and restrictions, we must not confine ourselves to express prohibitions. Negative words are not indispensable in the creation of limitations to legislative power, and if the constitution prescribes one method of filling an office, the legislature cannot adopt another."

If this view is correct, of which there can be no doubt, the legislature cannot confer upon the courts authority to suspend a sentence. Under our constitution the governor can suspend the collection of a fine for only sixty days, and it would certainly be a remarkable thing if a judge should have the authority to suspend indefinitely the collection of a fine. To confer such authority upon a trial court would be to give it, though subject to local influences and environment, greater power than that possessed by the chief executive of the state. It is very clear that our constitution contemplated no such authority. But it would seem that this court has substantially determined this very question. In Ex Parte Shelor, 33 Nev. 361, 111 Pac. 291, it was held that the indefinite suspension of a fine is in effect substantially a remission thereof, and that the board of pardons alone could exercise that authority. To take any other view would enable the trial courts in an indirect manner to accomplish that which they cannot do directly. To do so would result in a dual system of paroling persons convicted of crime—something repugnant to the spirit of our organic law.

The question of the authority of the trial courts of the country to suspend sentences has been considered in

many cases, and the overwhelming weight of authority is against it. In the case of People v. Brown, 54 Mich. 15, 19 N. W. 571, the court, speaking through that eminent authority on constitutional law, Judge Cooley, in considering the authority of a trial judge to suspend a sentence, said:

"That there may be no misapprehension on this point, it is only necessary to understand exactly what it was the judge was requested to do. In terms, it was to suspend sentence. Now, it is no doubt competent for a criminal court, after conviction, to stay for a time its sentence, and many good reasons may be suggested for doing so, such as to give opportunity for a motion for a new trial or in arrest, or to enable the judge to better satisfy his own mind what the punishment ought to be (Com. v. Dowdican's Bail, 115 Mass. 133) ; but it was not a suspension of judgment of this sort that was requested or desired in this case; it was not a mere postponement; it was not delay for any purpose of better advising the judicial mind what ought to be done; but it was an entire and absolute remission of all penalty, and the excusing of all guilt. In other words, what was requested of the judge was that he should take advantage of the fact that he alone was empowered to pass sentence, and, by postponing indefinitely the performance of this duty, indirectly, but to complete effect, grant to the respondent a pardon for his crime.

"Now, it cannot for a moment be supposed that any thirty-five intelligent citizens of this state are ignorant of the fact that the power to pardon is an executive power, expressly vested by the constitution of the state in the governor, and exclusively belonging to his office. And knowing that fact, as these petitioners must have done, they could scarcely fail to understand that this judge would be usurping the functions of the executive were he to assume to give total immunity from punishment. No doubt judges have done this sometimes, under the pressure of such influences as appear here; but this is no reason for asking a repetition of the wrong; it is

rather a reason for being especially careful and particular not to invite it, lest by and by it comes to be understood that the power to pardon, instead of being limited to one tribunal, is confided to many, and that the pressure of influence and respectability may be. as properly employed with a judge to prevent sentence as many seem to think it may be with a governor to procure a formal pardon."

In Neal v. State, 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190, 69 Am. St. Rep. 175, being a case growing out of the suspension of sentence by the trial court, it is said:

"The plaintiff in error contends that 'the action of the court, after passing sentence, in· suspending the execution of the same,' was 'an unwarranted interference with the powers, duties and functions of the executive.' We think that this contention is sound. The constitution of the state expressly provides that the governor 'shall have power to grant reprieves and pardons, to commute penalties, remove disabilities imposed by law, and to remit any part of a sentence for offenses against the state, after conviction, except in cases of treason and impeachment, subject to such regulations as may be provided by law relative to the manner of applying for pardons. * * *' If the execution of a sentence, which has been imposed in accordance with law, can be suspended, either in whole or in part, as the judge may see fit, during the pleasure of the court, then the court may in this way indirectly grant a reprieve, commute a penalty, or remit any part of a sentence, and thus practically exercise powers which the constitution confers exclusively upon the governor of the state. For a sentence, the execution of which is suspended during the pleasure of the court may never be enforced, as it may never be the pleasure of the court to revoke the order of suspension and enforce its execution. If a court can indefinitely suspend the execution of a sentence, it may even indirectly exercise all the pardoning power conferred upon the chief executive of the state, except that

portion of it which embraces the removal of disabilities imposed by the law, in certain criminal cases, as a consequence of conviction. The fundamental law provides that when the governor exercises any of these functions he shall report his action and the reasons therefor to the legislature. Surely the judges of courts having criminal jurisdiction cannot, unhampered by such a requirement, exercise any of these powers."

Judge Beatty, in United States v. Wilson (C. C.) 46 Fed. 748, in passing upon this question, said:

"There can be no doubt of the right of a court to temporarily suspend its judgment, and continue to do so from time to time, in a criminal cause, for the purpose of hearing and determining motions and other proceedings which may occur after verdict, and which may properly be considered before judgment, or for other good cause. In this cause, however, the record does not show that the suspension was for any such reason, or for a certain or short time, but, on the contrary, it appears it was for such uncertain time as the defendant should continue to remain favorably impressed with the laws of the land as to obey them. Instead of this being a mere suspension of sentence, it operated as a condonation of the offense, and an exercise of a pardoning power which was never conferred upon the court. In this I think the court clearly transcended its authority."

The Supreme Court of Illinois, speaking through Mr. Justice Carter, after reviewing many cases, in People v. Barrett, 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. Rep. 230, says:

"Whatever may have been the practice at common law, or whatever may be the practice in other states of this country, in regard to the suspending of sentence for the purpose of giving the accused a chance to reform, and thus virtually reprieving him, the legislature of this state has adopted a different method to give persons convicted of crimes the opportunity to reform, by providing a system of parole, and boards to administer the

same; and, in view of the expressed policy of the legislation of this state, we are disposed to hold that the trial courts do not have the power to suspend the imposition of the sentence indefinitely after conviction, or to do such acts that virtually amount to an indefinite suspension of sentence, or to release the prisoner on parole."

The language just quoted applies with greater force to Nevada, because of the fact that our constitution provides the method of giving persons convicted of crime an opportunity to reform. See, also, Snodgrass v. State, 67 Tex. Cr. R. 615, 150 S. W. 162, 41 L. R. A. (N.S.) 1144.

It appearing that the statute in question is in violation of the express provisions of the constitution, it follows that the action of the court in suspending the sentence passed was and is without force and effect, and the writ will issue as demanded in the petition; but in order that the said Wheeler may make application to the governor or the board of pardons for a suspension of the collection of said fine, or such other clemency as he may see fit to seek, the service and execution of the order will be stayed for a period of twenty days.