THE STATE OF NEVADA, RESPONDENT, *v.*
DOMINGO ECHEVERRIA, APPELLANT.

No. 3696

September 24,1952.                    248 P.2d 414.

*Donald M. Leighton,* of Winnemucca, for Appellant.

*W. T. Mathews,* Attorney General, *Geo. P. Annand,*

*John W. Barrett,* and *Wm. N. Dunseath,* Deputy Attorneys General, all of Carson City, and *James A. Callahan,* District Attorney, of Winnemucca, for Respondent.

## OPINION

By the Court, EATHER, J.:

Appellant was convicted of murder of the first degree and his punishment fixed at death by the jury. His appeal is from the judgment and from the order denying his motion for a new trial.

On October 16, 1951, an information was filed in the Sixth judicial district court of the State of Nevada in and for the county of Humboldt, charging the appellant, Domingo Echeverria, with the crime of murder.

It was alleged in said information that the said Echeverria, on the 23d day of September, 1951, in the county of Humboldt, State of Nevada, did without authority of law, wilfully, unlawfully, and with malice aforethought, kill and murder one Elizabeth Catlett, by striking her with a length of pipe, thereby mortally wounding her, of which mortal wound she died on the 23d day of September, 1951.

On October 17, 1951, following a preliminary examination, Donald M. Leighton, Esq., an attorney at law, was appointed by the court to defend appellant, and thereafter appellant entered his plea of not guilty, and thereupon, on the 17th day of October, 1951, the case was set down for trial by jury for the 5th day of November, 1951. On November 6, 1951, the jury returned a verdict of guilty of murder in the first degree and

fixed the penalty at death. On the 10th day of November, 1951, appellant moved for a new trial on the ground that the verdict was contrary to the evidence. The matter was submitted without argument and the motion was denied. Thereupon, the court sentenced appellant to death during the week beginning January 20, 1952 and ending January 26, 1952.

The appellant filed notice of appeal on the 21st day of January, 1952, from the judgment and from the order overruling appellant's motion for a new trial. The appeal was made upon the record without transcript of the evidence.

The points made in support of the appeal are as follows:

1. That the defense attorney did not have sufficient time to fully prepare the appellant's defense, due to the following circumstances:

a. Consultations with the appellant were conducted through an interpreter, and, as a result, were ineffective and cumbersome.

b. The motive or cause of the crime is extremely complex and technical and hidden from the perception of anyone but a trained expert in the field of psychiatry.

c. The events of September 23, 1951, upon which the appellant was tried, can best be understood and judged by a study of the complete medical and mental history of the appellant.

d. Without sufficient time to develop the underlying causes, the defense was based solely upon the facts developed by witnesses to the events immediately preceding and succeeding the occurrence of the homicide.

2. That the jury, at the time of arriving at its verdict, was affected by passion and prejudice, due to the following circumstances:

a. The atrocious nature of the crime.

b. The nearness of the time of arrest to the time of trial.

c. Public sentiment.

The errors relied upon by the appellant in this case can not be considered by this court for the reason that there is no record which can be looked into properly bringing them up.

In this regard we desire to point out that appellant did not within 20 days after judgment, or within 20 days after the decision upon the motion for a new trial, serve and file a bill of exceptions as required by the provisions of sec. 11029.01, N.C.L. Supp. 1943–1949. In fact the record is silent that the court was ever requested pursuant to sec. 11029.03, N.C.L. Supp. 1943–1949, to order the preparation of the bill of exceptions, and no request was made. Furthermore, a bill of exceptions was not prepared, served and filed by appellant in accordance with subdivision 2, sec. 11029.02, N.C.L. Supp. 1943–1949.

It is true that sec. 11029.01, supra, has been held to be directory, and correctly so; but if not so settled and signed within the time, some reasonable excuse should be given for the delay. Where there is a good reason or excuse for delay in preparing and presenting the bill for settlement, the showing should be made to the court below, and the judge should be liberal in securing to the accused in such case all the advantages which the law awards to him. State of Nevada v. Plunkett, 62 Nev. 258, 263, 142 P.2d 893, 149 P.2d 101. In this case the record is silent that the court was ever requested to settle the bill of exceptions. What the excuse was we are not permitted to determine for the reason that the record is not before us.

Had appellant after expiration of the statutory time involved, presented a bill of exceptions for settlement, together with affidavits and evidence excusing the delay, the court upon presentation could have settled such bill of exceptions. This was not done.

Counsel for appellant states in his brief that "The appellant is a penniless Spanish Basque, incapable of understanding the English language, spoken or written,

and incapable of speaking English except for the basic conversational terms and expressions. He is without means to employ his own counsel and is represented by counsel appointed by the court. He is charged and convicted of having perpetrated a hideous crime, which, by its atrociousness, charged the community with passion. He was brought to trial within the community where the crime was committed, six weeks after the crime was committed and nineteen days after defense counsel was appointed to represent him at the trial. He does not appeal for his innocence, but for a review of the mitigating circumstances which justify a reduction of his punishment from a sentence of death to a sentence of life imprisonment."

In view of the recent decisions entered by this court we cannot as a matter of law reduce appellant's punishment, which is appellant's sole request on this appeal. This was decided in the case of State v. Butner, 67 Nev. 436–442, 220 P.2d 631, 634.

The power to commute the sentence from death to life imprisonment is vested exclusively in the board of pardons and parole commissioners by the provisions of section 14 of article V of the state constitution. State v. Moran, 43 Nev. 150, 182 P. 927; State v. Butner, supra. Initially, it is the exclusive function of the jury to fix the penalty at either death or life imprisonment. Sec. 10068, N.C.L. Supp. 1943–1949.

No error appearing in the record before this court the judgment and the order denying a new trial are hereby affirmed, and the district court is directed to make the proper order for the carrying into effect by the warden of the state prison of the judgment rendered.

BADT, C. J., and MERRILL, J., concur.