STATE OF CONNECTICUT *v.* JOHN J. PASTET

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued June 5—decided June 30, 1964

*John M. Murphy,* public defender, and *Philip N. Costello, Jr.,* special assistant public defender, with whom, on the brief, was *Lawrence R. O'Brien,* for the appellant (defendant).

*George R. Tiernan,* assistant state's attorney, with whom, on the brief, was *Arthur T. Gorman,* state's attorney, for the appellee (state).

MURPHY, J. The defendant has appealed from his conviction by a jury of murder in the first degree. He has filed four assignments of error which will be discussed seriatim.

The defendant's offense was committed in the perpetration of a robbery. See General Statutes § 53-9. His defense was based on the claim that, when he accosted his victim, he was overcome by such an irresistible impulse that he lacked the legal capacity to commit the crime of which he was charged and that he was not guilty by reason of insanity.

The first assignment of error is directed to one paragraph of the charge. The court, in instructing the jury on the four essential elements of murder, had stated that the fourth element was malice, which would be implied if an unlawful homicide resulted

from the use of a deadly weapon in the perpetration of a robbery. The court then said: "That killing would be murder, even though there was no ill will, hatred or malevolence toward the person killed, because the evil intent to commit the robbery carried over to make the crime murder in the first degree. This is true even though the killing itself is accidental." As used in the particular portion of the charge then being delivered, this paragraph was a correct statement of the law. *State* v. *Taborsky*, 139 Conn. 475, 489, 95 A.2d 59. There is no merit to the defendant's claim that this one paragraph relieved the state of the burden of proving two of the four essential elements of murder or that under it malice could be imputed to an insane person. In a later portion of the charge, the court, in defining murder in the second degree, repeated the four essentials of that crime and then stated: "If, in addition to those elements the State also proves a fifth element, namely, that the murder was committed in the perpetration of a robbery, as alleged in this indictment, it becomes by force of law murder in the first degree." The court also reiterated that the jury had to find that the defendant was legally sane while perpetrating the robbery in order to convict him of murder in the first degree.

In the second assignment of error, the defendant claims that the court omitted pertinent material language from the charge on the defense of insanity and did not make proper reference to the defendant's reliance on irresistible impulse as affecting mental capacity to commit crime. The court instructed the jury that "[t]o be the subject of punishment an individual must at the time of the offense, have had mind and capacity, reason and understanding enough to enable him to judge of the nature,

character and consequence of the act charged against him, to distinguish between right and wrong, to realize that the act is wrong and criminal, and that the commission of it will justly and properly expose him to penalties." The court stated that this was the test of legal sanity and added, after discussing the legal standard as compared to the medical standard: "The definition of insanity which I have given you would include a mind which is either so naturally weak or so impaired by disease or otherwise [as] to make its possessor incapable of distinguishing right from wrong." The court spoke of instances in which the definition would not apply and then repeated the test of legal sanity, to which it added this qualifying statement: "And he is within the law's protection if his mind is so diseased or abnormal as to render him incapable of resisting an impulse to do an otherwise criminal act." Shortly thereafter, the court stated: "The impulse to do an otherwise criminal act which is recognized by courts as an excuse for crime is an impulse produced by and growing out of some mental disease or abnormality affecting the volitive as distinguished from the perceptive powers so that a person afflicted, while able to understand the nature and consequences of his act and to perceive that it is wrong, is unable because of such mental disease or abnormality to resist the impulse to do it." The court did not charge in the specific language used by the defendant in his request to charge. It was not necessary that the court do so. *State* v. *Whiteside,* 148 Conn. 208, 215, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33. This phase of the charge conformed to the rule in this state and was not erroneous. *State* v. *Donahue,* 141 Conn. 656, 664, 109 A.2d 364, cert. denied, 349 U.S. 926, 75 S. Ct. 775, 99 L. Ed. 1257.

The third assignment of error alleges failure to charge as requested. The substance of this assignment was briefed, and has been treated, in connection with the second assignment. The defendant has, however, attempted, in his brief, to substitute for the third assignment of error a claim that Public Acts 1963, No. 588, which amended General Statutes § 53-10 and which had not been enacted at the time of the defendant's trial in June, 1962, should be applied retroactively to his case. In the absence of any expressed legislative intent that Public Act No. 588 should apply retroactively, we dismiss this attempt by the defendant without further comment. General Statutes §§ 1-1, 54-194; *Dortch* v. *State,* 142 Conn. 18, 29, 110 A.2d 471.

The fourth assignment of error, as briefed, relates to the refusal of the court to instruct the jury that, if the defendant was found not guilty on the ground of insanity, he would not necessarily go free, since the court could order him confined in a mental institution. See General Statutes § 54-37. This question was ruled on in *State* v. *Wade,* 96 Conn. 238, 242, 113 A. 458, and we apprehend no valid reason for changing the ruling now.

There is no error.

In this opinion the other judges concurred.