LEONARD P. BIRNBAUM ET AL. *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 146368

Memorandum filed December 13, 1967

*Ribicoff & Kotkin,* of Hartford, for the plaintiffs.

*Harold M. Mulvey,* attorney general, and *Milton H. Richman,* assistant attorney general, for the defendant.

PALMER, J.  This is an appeal from an appraisal of damages of $257,300 by the defendant highway commissioner of land of the plaintiffs taken for highway purposes.  General Statutes § 13a-76.  On May 6, 1966, pursuant to § 13a-76, the court appointed Hon. Vine R. Parmelee, a state referee, "to assess damages or benefits."  The referee viewed the premises in question on May 18, 1966, and fully heard the parties on June 13 and 14, 1967.  On October 18, 1967, the referee filed a "Memorandum of Decision" in which he reassessed the damages at $102,000 and directed judgment to be entered accordingly.  It is this judgment which is under attack by the present motion.

On October 31, 1967, the plaintiffs filed a motion to erase the above-mentioned judgment for lack of jurisdiction.  The referee heard the motion to erase and denied it on November 8, 1967, without opinion or memorandum.  The present motion to vacate the judgment was filed on November 22, 1967.

Under § 13a-76, it was mandatory that the plaintiffs' application for a reassessment of damages be referred to a state referee.  The statute provides that the court "shall appoint a state referee to make such reassessment of such damages."  The statute further provides: "Such referee . . . shall hear the applicant and said commissioner, shall view the land and take such testimony as such referee deems material and shall thereupon reassess such damages . . . so far as they affect such applicant and forthwith *report to the court."*  (Italics supplied.)  It is clear, therefore, that at the time the referee was appointed by the court on May 6, 1966, and at the time he fully heard the parties on June 13 and

14, 1967, his power to act was strictly limited to making a report to the court in accordance with the mandate of the statute.

The principal issue on the present motion is whether the referee acquired the power and authority to enter a final judgment, as distinguished from making a report to the court, by virtue of § 11 of No. 621 of Public Acts 1967, which became effective on June 21, 1967, and which provides as follows: "[A] judge of the superior court . . . , acting as a state referee after attaining the age of seventy years, shall have the power of a judge of the superior court . . . on matters referred to him from such court." It should be noted that in his brief submitted to the court at the time of argument the defendant expressly disclaimed the applicability of either § 5 of No. 621 of Public Acts 1967 or No. 772 of Public Acts 1967 to this case.

Assuming without deciding that § 11 of No. 621 of Public Acts 1967 confers upon a state referee the power to enter judgment in a case mandatorily referred to him under § 13a-76, the fact remains that § 11 had not been enacted at the time the referee heard this case. Accordingly, in order to uphold the authority of the referee to enter judgment upon the basis of § 11, it must be given retroactive application, and the question then is whether it ought to be given such retroactive application.

"It is a rule of construction that legislation is not to be applied retroactively unless the legislature clearly expresses such an intent. *Michaud* v. *Fitzryk*, 148 Conn. 447, 448 . . . ; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418 . . . ; *Massa* v. *Nastri*, 125 Conn. 144, 146 . . . ; *Skinner* v. *Watson,* 35 Conn. 124, 126." *Lavieri* v. *Ulysses,* 149 Conn. 396, 401; *State* v. *Pastet,* 152 Conn. 81, 85. No claim is, or can be, made that No.

621 of Public Acts 1967, of which § 11 is a part, expresses any legislative intention that it be given retroactive effect. The defendant's argument in support of his claim that § 11 must be given retroactive application to this case is, however, that this section is "procedural" and does not affect substantive rights, and therefore should be applied to the instant case, which was "pending" at the time of the passage of the act. *Lavieri* v. *Ulysses,* supra; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* supra; *Toletti* v. *Bidizcki,* 118 Conn. 531, 537.

The court does not deem it necessary to decide whether the change brought about by § 1 affected substantive rights or was merely procedural, because the court is of the opinion that this case was not "pending" on June 21, 1967, when the statute took effect. On that date the case had been fully heard by the referee, with the expectation by the parties and the referee when the case was completed on June 14, 1967, that the referee would duly "report to the court," as § 13a-76 commanded. The case was then fully completed and at an end so far as the parties were concerned. It would be odd indeed if the legislature intended to permit a change in the rules after the case had been fully heard.

The court holds that § 11 of No. 621 of Public Acts 1967 is not to be applied to this case and that the referee was without power or authority to order a judgment to be entered. It is ordered that the plaintiffs' motion to vacate judgment be granted and that the judgment directed to be entered by the referee be vacated.

There remains for consideration the future procedure to be followed in this case. Practice Book § 354, as amended, provides that the referee "may accompany his report with a memorandum of decision including such matters as he may deem helpful

in the decision of the case." The memorandum of decision may be so treated, and the case is remanded to the referee with direction to file a report in accordance with Practice Book § 354, as amended.