**Melvin Alexander PAYTON, Petitioner,**

v.

**Carol S. VANCE, District Attorney, Harris County, Houston, Texas, Respondent.**

**Civ. A. No. 72-H-1091.**

United States District Court,
S. D. Texas,
Houston Division.

Aug. 31, 1972.

Melvin Alexander Payton, pro se.

Carol S. Vance, Dist. Atty., Joe Moss, Houston, Tex., for respondent.

MEMORANDUM OPINION:

SEALS, District Judge.

The Petitioner has filed this action seeking a writ of habeas corpus, 28 U.S.C. § 2254, and an injunction against the District Attorney of Harris County, Texas, restraining him from efforts to commute the sentences of state prisoners from "death" to "life imprisonment," 28 U.S.C. § 1343(3), 42 U.S.C. § 1983. The Petitioner, an inmate of the Texas Department of Corrections under a death sentence, has been left in a limbo by the decisions of the United States Supreme Court in the death penalty cases—Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) and companion cases. He is not alone in his quandary. Other death row prisoners have been affected, and state prosecutors, state judges, and the defense bar have been saddled with a monumental problem. If past actions are any guide, Texas has opted to commute invalid death sentences to life imprisonment, leaving the judgments of conviction undisturbed. Whan v. State, 485 S.W.2d

275. (Tex.Cr.App., 1972).[1] This Petitioner, and presumably many other inmates, would prefer a new trial to an executive or administrative commutation. Therefore the Petitioner seeks to stop the commutation process before it starts and to gain a new trial.

The peculiar nature of the problem and the Petitioner's request for immediate injunctive relief have caused the Court to examine the case on its own volition. That examination reveals that the suit must be dismissed.

■ Although filed as a suit for habeas corpus and an "injunction," the application is properly classified as a petition for the writ of habeas corpus. Loren v. State of Texas, 440 F.2d 1182 (5th Cir. 1971). Viewed in this manner, the Petitioner must exhaust his state remedies before applying to a federal district court for relief. 28 U.S.C. § 2254. The relief sought by the Petitioner, not the label given to his pleading is controlling. Collins v. Moore, 441 F.2d 550 (5th Cir. 1971). Here, Petitioner seeks a new trial because of a constitutional infirmity with his sentence. This is relief properly cognizable in habeas corpus. It affirmatively appears from the Petitioner's application that he has not presented these claims to the Texas courts either as a petition for the writ, Vernon's Ann.C.C.P. art. 11.07, or as a motion for speedy trial. Loren v. State of Texas, supra. Consequently, the petition must be dismissed for failure to exhaust state remedies.

■ Even if viewed as an application for injunction only, this action must be dismissed for lack of jurisdiction under the rule of comity expressed in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). There the Supreme Court held that federal district courts should not intrude into the criminal processes of the states except in the gravest circumstances where "bad faith" state prosecutions threaten irreparable harm to the free exercise of rights guaranteed under the Constitution, typically First Amendment rights of free speech and assembly. This case presents neither "bad faith" nor "irreparable harm" as those terms are used in Younger. The actions of the district attorney are fortified by the decision in Whan, supra, and by two opinions of the Texas Attorney General. Opinion No. M–1187 (August 1, 1972); Opinion No. M–981 (November 1, 1971). That decision and those opinions make it clear that commutation, as provided in Art. IV § 11 of the Texas Constitution Vernon's Ann.St., and Article 48.01 V.A.C.C.P., is a response available to the state under the circumstances presented here. The district attorney's reliance on these opinions and utilization of the statutory commutation process cannot be regarded as "bad faith." Furthermore, the Petitioner will suffer no irreparable harm from the operation of this process. He may or may not receive commutation. Since neither a new trial nor commutation will effect his immediate release, he will not suffer irreparable harm by the denial of an injunction which leaves the state processes free to operate.

The confusion wrought by Furman v. Georgia should not be exacerbated by federal intervention in the States' attempts to resolve the problems created by that decision. As noted, the Texas commutation process has not even begun, much less run its course, which

---

1. Compare, Ocker v. State, 477 S.W.2d 288 (Tex.Cr.App.1972) by the same judge, where it was held that the appellate court lacked the power to assess punishment at life imprisonment in cases where the death penalty was assessed illegally by a jury selected in violation of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). The Ocker court also held that the case could not be remanded for assessment of punishment only since the punishment was originally set by a jury, and therefore the case had to be remanded for a new trial. 477 S.W. 2d at 291. Whan involved the question of the validity of an executive commutation which the Court of Criminal Appeals held to be an entirely different matter.

makes the "rule of comity" more applicable than ever.

Whether this action is regarded as a petition for habeas corpus or as a suit for injunction, the proper course is dismissal.