### Commonwealth *v.* Ross, Appellant.

Submitted May 26, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 29, 1972.

*Thomas A. Harper,* for appellant.

*Carol Mary Los* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 4, 1972:

In 1962, following a jury trial in the Court of Oyer and Terminer of Allegheny County, the appellant was convicted of first-degree murder. The jury fixed the penalty at death. The conviction and sentence were affirmed by this Court, *Commonwealth v. Ross,* 413 Pa. 35, 195 A. 2d 81 (1963). Following denial of several "habeas corpus" petitions not germane to this proceeding, by both the Federal Courts and this Court, appellant filed the present petition in 1969, pursuant to the Post Conviction Hearing Act, contending that the jury which convicted and sentenced him to death was selected in violation of the principles announced in *Witherspoon v. Illinois,* 391 U.S. 510 (1968). Following an evidenitary hearing, appellant's petition was denied. This appeal followed.

Inasmuch as the United States Supreme Court, in *Furman v. Georgia,* 408 U.S. 238 (1972), has ruled

that the imposition of the death penalty under statutes such as the one in which the death penalty was imposed upon appellant* is violative of the Eighth and Fourteenth Amendments, it is unnecessary for us to consider appellant's claim of noncompliance with the *Witherspoon* standard. The United States Supreme Court, in *Moore v. Illinois,* 408 U.S. 786, 800 (1972), quoting from *Witherspoon,* stated: "Nor finally, does today's holding render invalid the *conviction,* as opposed to the sentence, in this or any other case. The sentence of death, however, may not now be imposed." *See Commonwealth v. Bradley,* 449 Pa. 19, 295 A. 2d 842 (1972).

The sentence of death is vacated and appellant is sentenced to life imprisonment.

The former Mr. Chief Justice BELL and the late Mr. Justice COHEN took no part in the decision of this case.

---

* Act of June 24, 1939, P. L. 872, §701, *as amended,* 18 P.S. §4701.