Argued November 8—decided November 8, 1972

STATE OF CONNECTICUT *v.* JOHN PASTET

## ORDER

PER CURIAM. The defendant by his attorney has filed in this court a "Motion to Reopen Judgment" in which he has moved that this court "reopen its judgment affirming his conviction for murder in the first degree." The motion represents that on June 21, 1962, the defendant was convicted of murder in the first degree in the Superior Court for New Haven County and was committed to the Connecticut State Prison for imposition of the death penalty. The judgment of that court was sustained by this court on June 30, 1964; *State* v. *Pastet,* 152 Conn. 81, 203 A.2d 287; and no appeal or petition for certiorari to the United States Supreme Court was taken or filed. Under the provisions of § 54-101 of the General Statutes, on February 18, 1965, the warden of the State Prison made application to the Superior Court for Tolland County which, after a hearing at which three physicians certified that the defendant was insane, ordered that the execution of

the death sentence be stayed and that the defendant be committed to a mental hospital until he should recover his sanity. He is presently confined to a mental hospital pursuant to a mittimus issued by that court. The present motion filed on behalf of the defendant prays that in light of the decision of the United States Supreme Court in *Furman* v. *Georgia,* 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346, "the judgment of this court affirming his conviction be reopened insofar as the imposition of the death sentence is concerned" and that the matter be remanded to the Superior Court for New Haven County for resentencing proceedings upon a determination that the defendant is capable of assisting counsel and understands the nature and meaning of such sentencing proceedings.

The circumstances of this case differ materially from those in the cases of *State* v. *Delgado,* 161 Conn. 536, 290 A.2d 338, 408 U.S. 940, 92 S. Ct. 2879, 33 L. Ed. 2d 764, and *State* v. *Davis,* 158 Conn. 341, 260 A.2d 587, 408 U.S. 935, 92 S. Ct. 2856, 33 L. Ed. 2d 750. In both of those cases the death penalty had been imposed, the judgments had been affirmed by this court, and petitions for writs of certiorari were pending in the United States Supreme Court at the time of its decision in the *Furman* case. That court granted both petitions, vacated each judgment "in so far as it leaves undisturbed the death penalty imposed" and remanded both cases to this court for further proceedings. On such remands, this court in each case set aside the judgment insofar as it imposed the death penalty and then remanded each case to the Superior Court for further proceedings. This court in those cases, by virtue of the remand from the United States Supreme Court, had jurisdiction to remand them to the Superior Court.

In the present case, this court has no such jurisdiction. The record discloses that jurisdiction remains in the Superior Court and the defendant is confined in a mental hospital because of his insanity and pursuant to a mittimus of that court. It also appears from the representations in the present motion that the defendant is still insane and that there has been no determination that he is capable of assisting counsel and understanding the nature and meaning of any legal proceedings.

Under these circumstances, since the Superior Court still has jurisdiction of the case and over the person of the defendant, the present motion addressed to this court must be dismissed; any proceedings to determine whether the defendant has recovered his sanity and how he should be confined, and any proceedings for a change of the sentence to life imprisonment because of the *Furman* decision must be pursued in that court.

The motion is dismissed.

*James A. Wade,* special public defender, in support of the motion.

Submitted October 5—decided November 8, 1972