19518

The STATE, Respondent, v. Robert GIBSON, Appellant
(192 S. E. (2d) 720)

*John W. Williams, Jr., Esq.,* of Columbia, *for Appellant,*

460

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair, Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and *William R. Hare, Sol.,* of Chester, *for Respondent*

November 15, 1972.

Moss, Chief Justice:

On or about May 16, 1970, William Robert Yarborough, Jr., and Jerry Eugene Yarborough, nephews of Robert Gibson, the appellant herein, were killed and their mother, Jeanine Yarborough, sister of the appellant, was wounded by several blasts from a shotgun. The appellant was indicted by the grand jury of Chester County for the murder of the two nephews and for an assault and battery with intent to kill on their mother. On October 16, 1970, the appellant entered pleas of guilty to the indictments charging him with the murder of Jerry Eugene Yarborough and the assault and battery charge with intent to kill his sister. The plea of guilty on the murder charge was submitted to the jury for a determination of punishment and a verdict of guilty with recommendation to the mercy of the court was returned. The appellant was sentenced to life imprisonment for the murder of Jerry Eugene Yarborough and twenty years on the charge of assault and battery with intent to kill. There has been no appeal from these judgments and sentences.

The appellant was brought to trial on October 18, 1971, for the murder of his nephew, William Robert Yarborough, Jr. The jury found the appellant guilty of murder and he was sentenced to death by electrocution. This appeal followed.

The appellant does not contend on this appeal that the evidence was insufficient to warrant his conviction of murder but does assert that he is entitled to a reversal of his conviction and a remand of the case for a new trial based upon alleged trial errors.

The conviction of the appellant of murder and a sentence of death pursuant to Section 16-52 of the 1962 Code of Laws took place at the 1971 October term of the Court of General Sessions for Chester County. On June 29, 1972, in the case of *Furman v. Georgia,* 408 U. S. 238, 92 S. Ct. 2726, 33 L. Ed. (2d) 346, the Supreme Court of the United States held that the imposition and the carrying out of the death penalty constituted cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States. The sentence of death in the *Furman* case was reversed and the case was remanded to the lower court for further proceedings. The *Furman* case permits us to affirm the judgment of conviction of the appellant of murder and to reverse only the imposition of the death penalty, leaving him subject to sentence under Section 16-52 of the Code, as though the jury had recommended mercy.

We have reviewed the entire record in this case, and conclude that the appellant had a fair and impartial trial and there was no miscarriage of justice. We have considered all questions raised by the appellant and find them to be without merit. The evidence in behalf of the State was unquestionably sufficient to raise a jury question and to justify the trial judge's refusal to set the conviction aside.

As we have heretofore stated, the appellant is under a sentence of life imprisonment for the murder of Jerry Eu-

gene Yarborough and even if the conviction for the murder of William Robert Yarborough, Jr., should be reversed, the appellant's punishment would be in no way affected.

The judgment of conviction of the appellant of the crime of murder is affirmed but the death sentence imposed is reversed and vacated; and this case is remanded to the Court of General Sessions for Chester County for the purpose of sentencing the appellant to life imprisonment under Section 16-52 of the Code, as if the jury had returned a verdict of guilty of murder with a recommendation of mercy.

Affirmed in part and reversed in part.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.