James **MEARS**, Petitioner,

v.

**STATE OF NEVADA et al.,**
**Respondents.**

**Civ. No. R–2927.**

United States District Court,
D. Nevada.

Nov. 27, 1973.

James Mears, in pro. per.

Robert List, Atty. Gen. of Nev. and Robert A. Groves, Deputy Atty. Gen., Carson City, Nev., for respondents.

## ORDER

BRUCE R. THOMPSON, District Judge.

James Mears has petitioned this Court for a writ of habeas corpus. Since Petitioner lacked effective state remedies (see Bean and Walker v. Second Judicial District Court of Nevada, No. 7239 in the Nevada Supreme Court), it was ordered that Respondents answer the petition. Respondents' answer and motion to dismiss, along with Petitioner's response thereto, are now before the Court.

In December of 1965, a jury found Petitioner guilty of first degree murder and sentenced him to death pursuant to N.R.S. § 200.030(3), which reads, in pertinent part:

> "If the jury shall find the defendant guilty of murder in the first degree, then the jury by its verdict shall fix the penalty at death or imprisonment in the state prison * * * with or without possibility of parole * * *."

In 1972, the United States Supreme Court decided Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 holding that statutes such as N.R.S. § 200.030 permitting discriminatory or arbitrary imposition of the death penalty were violative of the Eighth Amendment. Pursuant to the mandate of Furman, the Nevada Board of Pardons, on December 12, 1972, commuted Petitioner's sentence from death to life in prison without possibility of parole.

It is Petitioner's basic position that Furman vacated his death sentence, leaving nothing to commute and forcing the retrial of his case so that the convicting jury could impose sentence as required by N.R.S. § 200.030. Petitioner also contends that the commutation was without effect because the composition of the Board of Pardons violates the constitutional doctrine of separation of powers and because Petitioner did not consent to the commutation.

There is some support for Petitioner's position:

> "The sentence of death having been vacated by a court having jurisdiction to do so, and no other sentence having been imposed, it would seem necessarily to follow that there is no sentence presently in effect. The commutation power of the Governor * * * is the power to reduce a sentence then in effect, not the power to impose a sentence upon a person not then under sentence." State v. Hill, 279 N.C. 371, 183 S.E.2d 97, 102 (1971), from the dissenting opinion of Justice Lake. (Emphasis added.)

■ Commutation is not, therefore, a tool for resentencing prisoners whose sentences have been vacated; commutation is rather an act of mercy appropriate for reducing existing sentences. If Furman, from the moment of its decision, vacated Petitioner's death sentence, the Board of Pardons and Parole commutation was ineffective. If, however, Furman had more limited effect and Petitioner's death sentence, though arguably unconstitutional, stood on the record until appropriate state action corrected it, then the commutation was valid.

The language of the Furman per curiam opinion is of some help in assessing the effect of the decision. The Court identified the three specific cases before it and held:

> "[T]he imposition and carrying out of the death penalty in these cases constitutes cruel and unusual punishment * * *. The judgment in each case is therefore reversed insofar as it leaves undisturbed the death sentence imposed, and the cases are remanded for further proceedings." Furman, supra, 408 U.S. at 239–240, 92 S.Ct. at 2727. (Emphasis added.)

The Court, therefore, limited its opinion to the three specific cases before it. In applying Furman to the more than one hundred death penalty cases then seeking certiorari, the Supreme Court felt constrained to independently grant certiorari and vacate the death sentence in each on a case-by-case basis. See Stewart v. Massachusetts, 408 U.S. 845,

92 S.Ct. 2845, 33 L.Ed.2d 744 (1972), and the cases reported at 408 U.S. 933–940, 92 S.Ct. 2845–2879, 33 L.Ed.2d 745–767. If *Furman* had automatically vacated all unconstitutional death sentences, the Court would not have had to vacate each of these additional death sentences individually again.

One reason why *Furman* itself did not vacate all outstanding death sentences was undoubtedly because *Furman* did not hold the death penalty unconstitutional per se. See Chief Justice Burger's dissent, *Furman, supra,* 408 U.S. at 396, 92 S.Ct. 2726. *Furman* only held the death penalty unconstitutional where the sentencing body had unfettered discretion to choose between the death penalty and lesser sentences, resulting in its imposition "sparsely, selectively, and spottily to unpopular groups." See the concurring opinion of Justice Douglas, *Furman, supra,* 408 U.S. at 256, 92 S.Ct. 2726. It is at least arguable that the effect of this holding was to leave intact those death sentences not then before the Court on certiorari so that the state courts subsequently acquiring jurisdiction to review those sentences might determine whether they were imposed pursuant to the discretionary death penalty statutes struck down by *Furman.* This was indeed the position uniformly adopted by the state courts.[1]

■ It is, therefore, apparent that Petitioner's death sentence continued in effect after *Furman,* pending review pursuant to that decision. The Nevada Supreme Court indicated that such review could be obtained by petitioning the sentencing court for a writ of habeas corpus. Walker v. State, 88 Nev. 539, 501 P.2d 651 (1972). Before Petitioner could avail himself of this procedure, however, the Nevada Board of Pardons commuted Petitioner's sentence from death to life in prison without possibility of parole. This procedure was upheld on the state level in *Bean, supra,* and similar procedures have been followed and approved in Tennessee (see Bowen v. State, Tenn., 488 S.W.2d 373 (1972)), and Texas (see Tezeno v. State, Tex.Cr.App., 484 S.W.2d 374, 385 (1972), and Whan v. State, Tex.Cr.App., 485 S.W.2d 275 (1972)).[2] Because Petitioner's sentence continued in force despite *Furman,* it was the proper subject for reduction by commutation.

■■ Petitioner also challenges the commutation because it was awarded by

---

1. Of the states faced with consideration of death penalties not specifically vacated in *Furman* and subsequent United States Supreme Court decisions, the following state supreme courts felt compelled to vacate or reverse the individual prisoner's death penalty prior to resentencing procedures: Alabama: Hubbard v. State, 290 Ala. 118, 274 So.2d 298 (1973); Arizona: State v. Endreson, 109 Ariz. 117, 506 P.2d 248 (1973); Arkansas: Graham v. State, Ark., 486 S.W.2d 678 (1972); Florida: Anderson v. State, Fla., 267 So.2d 8 (1972); Illinois: People v. Speck, 52 Ill.2d 284, 287 N.E.2d 699 (1972); Kentucky: Caine v. Commonwealth, 491 S.W.2d 824 (1973); Maryland: Bartholomey v. State, 267 Md. 175, 297 A.2d 696 (1972); Mississippi: Myers v. State, 268 So.2d 353 (1972); Missouri: State v. Cobb, Mo., 484 S.W.2d 196 (1972); Ohio: State v. Leigh, 31 Ohio St.2d 97, 285 N.E.2d 333 (1972); Oklahoma: Pate v. State, 507 P.2d 915 (Okl.Cr.1973); Pennsylvania: Commonwealth v. Ross, 449 Pa. 103, 296 A.2d 629 (1972); South Carolina: State v. Gibson, 259 S.C. 459, 192 S.E.2d 720 (1972); Virginia: Huggins v. Commonwealth, 213 Va. 327, 191 S.E.2d 734 (1972); and Washington: State v. Baker, 81 Wash.2d 281, 501 P.2d 284 (1972).

Additionally, the following state supreme courts remanded to the sentencing courts with the instruction to vacate or modify the death penalty and resentence: Connecticut: State v. Pastet, Conn., 298 A.2d 784 (1972); Georgia: Mitchell v. Smith, 229 Ga. 781, 194 S.E.2d 414 (1972); Louisiana: State v. Washington, La., 278 So.2d 484 (1973); New Hampshire: State v. Martineau, et al., N.H., 293 A.2d 766 (1972); and North Carolina: State v. Carroll, 282 N.C. 326, 193 S.E.2d 85 (1972).

2. The question of the constitutionality of giving effect to *Furman* by commutation has been raised in only one other federal court at this time, but the Petitioner's failure to exhaust state remedies prevented that court from reaching the merits. Payton v. Vance, 347 F.Supp. 594, 596 (S.D.Tex.1972).

the Board of Pardons which is composed of the Governor, Attorney General and Justices of the Supreme Court (N.R.S. § 212.010), thereby allegedly violating the constitutional doctrine of separation of powers. The doctrine is not expressly enunciated in the Constitution; it is rather a doctrine inferred from the organizing principles underlying the Constitution itself. Springer v. Philippine Islands, 277 U.S. 189, 201, 48 S.Ct. 480, 72 L.Ed. 845 (1927). This doctrine has not been extended to the States under the Fourteenth Amendment. Hughes v. Superior Court, 339 U.S. 460, 70 S.Ct. 718, 94 L.Ed. 985 (1949). The composition of the Nevada Board of Pardons is not, therefore, subject to challenge under the federal doctrine of separation of powers. The constitutionality of the Board's composition under the separation of powers provision of the Nevada State Constitution, Art. 3, sec. 1, is not a question cognizable in a federal habeas corpus proceeding.

Finally, Petitioner challenges the commutation procedure's failure to give adequate notice and failure to provide for the presence of Petitioner and his attorney as violations of his Fourteenth Amendment rights. Commutation, like parole, is not a right secured to a prisoner by the Constitution. Green v. Teets, 244 F.2d 401, 403 (1957). Commutation of a prisoner's sentence from death to life without possibility of parole is not subject to challenge under either the Fourteenth or the Eighth Amendments. *Id.* Nor is it a violation of a prisoner's rights to commute his sentence to a lesser penalty without his consent. *Bowen, supra,* 488 S.W.2d at 376, and *Whan, supra,* 485 S.W.2d at 279.

The illegal part of Petitioner's sentence has been removed by a procedure authorized by state law and in accordance with the United States Constitution. Accordingly,

It hereby is ordered that the petition shall be, and it hereby is, dismissed.