LEON HARLEY ANDERSON, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7262

December 2, 1974          528 P.2d 1023

*Gary Sheerin,* State Public Defender, for Appellant.

*Robert List,* Attorney General; *Robert C. Manley,* District Attorney, and *Gregory D. Corn,* Deputy District Attorney, Elko County, for Respondent.

**OPINION**

By the Court, BATJER, J.:

The appellant was convicted of first degree murder on September 14, 1969, and the jury assessed the death penalty.

On December 10, 1970, we affirmed that conviction. Anderson v. State, 86 Nev. 829, 477 P.2d 595 (1970). Prior to the execution of the sentence, the United States Supreme Court filed its opinion in Furman v. Georgia, 408 U.S. 238 (1972), declaring the death penalty as it had been applied to be in violation of the Eighth and Fourteenth Amendments of the United States Constitution, and ordering resentencing. See Robinson v. Neil, 409 U.S. 505 (1973); cf. Walker v. State, 88 Nev. 539, 501 P.2d 651 (1972).

· On November 6, 1972, the district court denied appellant's motion for continuance pending appeal of its order requiring his resentencing, then proceeded to resentence him to life imprisonment without possibility of parole.[1]

This appeal is taken from the judgment of the district court. Appellant contends that only a jury could properly resentence him, and that the district court was without jurisdiction to proceed.

*Furman* reversed only insofar as the death penalty was assessed. The states which have dealt with the problem have universally declared that only the death penalty portion of a judgment fixing the death penalty is invalid, and the portion finding guilt is left undisturbed. Anderson v. State, 267 So.2d 8 (Fla. 1972); People v. Robles, 506 P.2d 211 (Cal. 1973)— based on People v. Anderson, 493 P.2d 880 (Cal. 1972); Hubbard v. State, 274 So.2d 298 (Ala. 1973); Galbreath v.

---

[1]On December 12, 1972, the Nevada State Board of Pardons Commissioners, upon their own motion, commuted appellant's sentence from death to life imprisonment without possibility of parole. Article 5, Section 14 of the Nevada Constitution vests authority to commute prison sentences exclusively in the State Board of Pardons Commissioners. State v. Echeverria, 69 Nev. 253, 248 P.2d 414 (1952); State v. Butner, 67 Nev. 436, 442, 220 P.2d 631 (1950); State v. Moran, 43 Nev. 150, 182 P. 927 (1919). Although conditions attached to pardons must be voluntarily accepted and performed by the convicted person or the original term must be served (Ex Parte Janes, 1 Nev. 319), that is not true with regard to the commutation of punishments. The substitution of a less severe punishment, authorized by the Nevada Constitution, may be imposed without the consent or acceptance of the convicted person, and even against his will. Biddle v. Perovich, 274 U.S. 480 (1927); In Re Charles, 222 P. 606 (Kan. 1924). In Texas and Tennessee, the governors, after *Furman* was announced, commuted death sentences to life imprisonment, and the appellate courts in those states reformed the judgments of death to life imprisonment. See Whan v. State, 485 S.W.2d 275 (Tex.Crim.App. 1972); Briggs v. State, 501 S.W.2d 833 (Tenn.Crim.App. 1973).

Commonwealth, 492 S.W.2d 882 (Ky. 1973); State v. Scott, 491 S.W.2d 514 (Mo. 1973); State v. Braun, 509 P.2d 742 (Wash. 1973). See also, Mears v. State of Nevada, 367 F.Supp. 84 (D. Nev. 1973).

NRS 200.030, in effect at the time of appellant's conviction, reads in pertinent part: ". . . The jury by its verdict shall fix the penalty at death or imprisonment with or without possibility of parole. . . ." At the conclusion of Anderson's trial the jury had three choices and selected the most severe.

After *Furman*, in those states where the choice of penalty for first degree murder was either death or life imprisonment, the highest appellate court either vacated the death penalty and imposed the alternative sentence of life imprisonment, or remanded to the trial court with instructions to impose the sentence of life imprisonment. Anderson (Fla. 1972), supra; Robles (Cal. 1973), supra; Hubbard (Ala. 1973), supra; Scott (Mo. 1973), supra. See also, Mears, supra, n. 1, 367 F.Supp. at 86.

Only in the State of Illinois, where it is required by statute, were the cases sent back for resentencing hearings in mitigation or aggravation, and there the hearings were before a court sitting without a jury. The Illinois court was authorized to impose any penalty that a jury might have imposed. People v. Speck, 287 N.E.2d 699 (Ill. 1972); People v. Connally, 303 N.E.2d 409 (Ill. 1973). The State of Nevada has no such statutory provisions.

The punishment statute for rape in the State of Georgia is similar to our punishment statute for first degree murder. There the punishment is by death or imprisonment for life, or by imprisonment for not less than one nor more than 20 years.[2] The State of Alabama has a somewhat similar statutory provision.[3]

In Mitchell v. Smith, 194 S.E.2d 414, 418 (Ga. 1972), where the defendant had been convicted of rape, and sentenced to death, the Supreme Court of Georgia remanded the case to the sentencing court and stated: "The presiding judge shall enter a judgment sentencing the appellant to be imprisoned for the balance of his life, *this being the only lawful sentence*

---

[2] Ga. Code Ann. § 26–2001.

[3] Alabama's Title 14 § 395, Code of 1940 provides: "Any person who is guilty of . . . rape shall . . . be punished, at the discretion of the jury, by death or imprisonment in the penitentiary for not less than ten years." In Swain v. State, 274 So.2d 305 (1973), the Supreme Court of Alabama held that the sentence of death could be modified and reduced to life imprisonment.

*which may be entered upon the conviction and finding of the jury that he should receive the maximum sentence permitted by law.*" (Emphasis added.)

After *Furman* rendered the death penalty void, life imprisonment without the possibility of parole became the maximum sentence that could be imposed in Nevada against a person convicted of first degree murder. NRS 176.555 provides that a district court "may correct an illegal sentence at any time." The district judge was authorized to resentence the appellant and invoke the penalty of life without possibility of parole, it being the only lawful penalty which could have been entered upon the conviction and finding of the jury that Anderson should receive the maximum sentence permitted by law.

Appellant further contends that the trial court was required to obtain a formal presentence report prior to the resentencing. This contention is without merit. NRS 176.135[4] only requires the probation service of the district court to make a presentence investigation and report to the court upon each defendant who pleads guilty or *nolo contendere,* or is found guilty before the imposition of a sentence. The record indicates that before the original sentence was imposed upon appellant, the probation service of the district court made a presentence investigation report to the sentencing judge. NRS 176.135 has been fully complied with. Appellant has cited no authority and we have found none which would require the district court to obtain a supplemental presentence report in this case.

The remainder of appellant's contentions are not supported in the record, nor by authority, and we consider them to be without merit.

The judgment of the district court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.

---

[4]NRS 176.135: "The probation service of the district court shall make a presentence investigation and report to the court upon each defendant who pleads guilty or nolo contendere or is found guilty before the imposition of sentence or the granting of probation."