## Richmond

FRANK JIMMY SNIDER, JR. v. JAMES D. COX, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY, ETC.

June 14, 1971.

Record No. 7495.

Present, I'Anson, Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Harvey S. Lutins,* for plaintiff in error.

*C. Tabor Cronk, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

In July 1956 a jury found Frank Jimmy Snider, Jr. guilty of statutory rape and fixed his punishment at death, and he was sentenced accordingly. In this habeas corpus proceeding, the trial court held that under *Witherspoon* v. *Illinois,* 391 U.S. 510 (1968), veniremen opposed to a death sentence were improperly excluded as jurors at Snider's trial. By an order entered December 5, 1969, the trial court directed that Snider be retried on the issue of punishment alone, or be released from custody. Snider appeals, contending that he should be retried on the issue of guilt as well as punishment.

*Witherspoon* does not dictate that Snider should be retried on the issue of guilt. *Witherspoon* v. *Illinois, supra* at 518. The question is whether Virginia law permits that he be now tried on the issue of punishment alone. We conclude that it does.

The Virginia statutes do not forbid separate trials on the issues of guilt and punishment. They prescribe that in a court of record the accused shall be tried on a not guilty plea by a jury or, with the consent of the accused and the concurrence of the Commonwealth's attorney and the court, by the judge. And they prescribe that punishment shall be fixed by the jury or the court sitting without a jury. Code §§ 19.1-192, -291 and -292.

In *Johnson* v. *Commonwealth*, 208 Va. 481, 158 S.E.2d 725 (1968), we recognized the established practice of one trial on guilt and punishment and left change of that general practice to the Legislature. But we are not here changing the general practice. We are sanctioning a trial to determine punishment alone where, under newly-announced constitutional principles, a felon's sentence has been set aside not because the jury that tried him could not constitutionally find him guilty, but because the jury as then constituted could not constitutionally impose the death sentence.

If the Commonwealth elects to try Snider on the issue of punishment, so much of the transcript of the evidence adduced at Snider's first trial may be read in open court as is reasonably necessary to show the nature of the offense charged and the circumstances under which it was committed. Relevant and admissible evidence may be adduced on the issue of punishment. Such trial shall be by jury or, with the consent and concurrence mentioned in the second preceding paragraph, by the court sitting without a jury.

*Affirmed.*