**Frank Jimmy SNIDER, Jr., Plaintiff,**

v.

**Andrew J. WINSTEAD, Sheriff, City of Richmond, Defendant.**

**Civ. A. No. 71–C–141–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

March 28, 1972.

Harvey S. Lutins, Roanoke, Va., for plaintiff.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT.

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed in forma pauperis by Frank Jimmy Snider, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241.

The petitioner is being currently detained pursuant to a conviction for statutory rape in the Hustings Court of the City of Roanoke. At his trial on June 25, 1956, the petitioner, after a plea of not guilty, was tried and convicted by a jury which sentenced him to death.

The petitioner has filed many habeas corpus petitions in both the state and federal courts. On December 5, 1969, the Roanoke Hustings Court, pursuant to a habeas corpus petition, found that on the basis of the principles announced by the United States Supreme Court in the case of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) the jury's imposition of the death penalty was done under a procedure which was contrary and repugnant to the constitution. From this judgment the petitioner appealed to the Virginia Supreme Court of Appeals which affirmed the ruling of the lower court on June 14, 1971. Snider v. Cox, 212 Va. 13, 181 S.E.2d 617 (1971). As of this date the petitioner has not been retried.

In the petition currently before this court the petitioner alleges that he was entitled to a new trial for both guilt and punishment rather than on punishment alone as was the holding of the Supreme Court of Appeals.

The respondent contends that the petition is premature and that the

petitioner has failed to exhaust state remedies. However, this court does not agree. When the petitioner filed his state habeas corpus petition, he was seeking a new trial on both the guilt issue and the punishment. The decision of the Roanoke Hustings Court which thereafter became the decision of the Virginia Supreme Court of Appeals only granted the petitioner part of the relief which he sought i. e., a new trial on the issue of punishment. Had both Virginia courts denied all relief to the petitioner, there is no doubt that he would have exhausted his state remedies. The fact that the Virginia courts granted him a new trial only on the question of punishment does not change the fact that the courts have denied him relief for a new trial on the issue of guilt. It is therefore the opinion of this court that Mr. Snider has exhausted his state remedies.

The Supreme Court of Appeals of Virginia, in affirming the decision of the Roanoke Hustings Court, stated:

> The Virginia statutes do not forbid separate trials on the issues of guilt and punishment. They prescribe that in a court of record the accused shall be tried on a not guilty plea by a jury or, with the consent of the accused and the concurrence of the Commonwealth's attorney and the court, by the judge. And they prescribe that punishment shall be fixed by the jury or the court sitting without a jury. Code §§ 19.1–192, –291 and –292. 212 Va. at 14, 181 S.E.2d at 618.

The court further stated:

> In Johnson v. Commonwealth, 208 Va. 481, 158 S.E.2d 725 (1968), we recognized the established practice of one trial on guilt and punishment and left change of that general practice to the Legislature. But we are not here changing the general practice. We are sanctioning a trial to determine

punishment alone where, under newly-announced constitutional principles, a felon's sentence has been set aside not because the jury that tried him could not constitutionally find him guilty, but because the jury as then constituted could not constitutionally impose the death sentence. 212 Va. at 14, 181 S.E.2d at 618.

This court finds no error in the actions of the Virginia courts. In *Witherspoon*, supra, 391 U.S. at 517–518, 88 S. Ct. 1770, the United States Supreme Court specifically held that the exclusion of jurors opposed to capital punishment did not result in an unrepresentative jury on the issue of guilt or substantially increase the risk of conviction. Furthermore, the Court stated:

> Nor, finally, does today's holding render invalid the *conviction*, as opposed to the *sentence*, in this or any other case. 391 U.S., n. 21, p. 522, 88 S.Ct. p. 1777.

■ Since under the Supreme Court's ruling, the conviction remains valid, it seems conclusive that the petitioner is not entitled to a new trial on the issue of guilt, for to so hold would necessitate the invalidation of his conviction.

For the reasons herein given, the petition is dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file with the clerk of *this* court a notice of appeal within thirty (30) days. Failure to do so within thirty (30) days may result in a denial of the right to appeal. The notice of appeal should state:

(1) the judgment, order, or any part thereof appealed from;

(2) the party or parties taking the appeal; and

(3) the court (United States Court of Appeals for the Fourth Circuit) to which an appeal is sought.