(No. 41042.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RICHARD FRANKLIN SPECK, Appellant.

*Opinion filed September 20, 1972.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago (JAMES J. DOHERTY, JAMES N. GRAMENOS and SHELVIN SINGER, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, JOEL M. FLAUM, First Assistant Attorney General, ROBERT A. NOVELLE, WILLIAM HEDRICK and MICHAEL GOLDSTEIN, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In, 1966, eight separate indictments returned by the grand jury of Cook County charged the defendant, Richard Franklin Speck, with the murder of eight young women in the city of Chicago. The defendant's motion for a change of venue from Cook County was allowed, and the cases were transferred to Peoria County. They were consolidated for trial, and a jury found him guilty and returned a verdict of death upon each indictment. The trial judge then imposed the death sentence. On appeal, this court affirmed. *People v. Speck (1968), 41 Ill.2d 177.*

By a summary order, the Supreme Court of the United States reversed the judgment insofar as it imposed the death sentence, citing *Witherspoon v. Illinois (1968),*

*391 U.S. 510, 20 L.Ed.2d 776, 88 S.Ct. 1770,* and remanded the case to this court for further proceedings. (*Speck v. Illinois (1971), 403 U.S. 946, 29 L.Ed.2d 855-6, 91 S.Ct. 2279.*) Thereafter this court heard argument concerning the procedure to be followed in resentencing the defendant, and the penalties that might be imposed. The case was then held under advisement pending a determination by the Supreme Court of the United States of the constitutionality of the death penalty. The Supreme Court has now held that a defendant could not be validly sentenced to death under the same Illinois statutes that are applicable to this case. (*Moore v. Illinois (1972), 408 U.S. 786, 33 L.Ed.2d 706, 92 S.Ct. 2562; Furman v. Georgia (1972), 408 U.S. 238, 33 L.Ed.2d 346, 92 S.Ct. 2726.*) Therefore, the death penalty cannot be reimposed on the defendant, and the only remaining question is the procedure to be followed in resentencing him to a sentence other than death.

In 1969, section 1—7 of the Criminal Code was amended by adding paragraph (o), which reads as follows:

"(o) In any case in which a sentence originally imposed or recommended by a jury is vacated, the case shall be remanded to the trial court. The trial court shall hold a hearing in aggravation and mitigation which may include evidence of the defendant's life, moral character and occupation during the time since the original sentence was passed. The trial court shall then impose sentence upon the defendant. The trial court may impose any sentence which the jury could have imposed or recommended at the original trial." Ill.Rev.Stat. 1969, ch. 38, par. 1—7(o).

In their briefs the parties discussed at length the validity and the effect of section 1—7(o). That discussion has been rendered largely academic by the decisions in *Furman v. Georgia* and *Moore v. Illinois,* because the penalty which the jury in these cases was authorized to impose or recommend has been held to violate the Constitution of the United States. We do not find it necessary to consider whether the statute runs counter to

our Rule 615 and thus impinges upon the constitutional authority of this court to provide by rule for expeditious and inexpensive appeals. (Ill.Rev.Stat. 1971, ch. 110A, par. 615; Ill. Const. (1970), art. VI, sec. 16; see also *People ex rel. Stamos v. Jones (1968), 40 Ill.2d 62.*) Because of the long interval that has occurred since the imposition of the original sentence, we would, quite apart from paragraph (o) of section 1—7, consider it appropriate that the new sentences in these cases be imposed by the trial court.

Therefore, the cases are remanded to the circuit court of Peoria County with directions to conduct a new hearing in aggravation and mitigation and resentence the defendant.

*Remanded.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.