## Richmond

Elly Joe Huggins v. Commonwealth of Virginia.

October 9, 1972.

Record No. 7983.

Present, All the Justices.

*Philip J. Hirschkop (Donald N. Patten, Richard E. Crouch; Patten and Wornom, on brief), for plaintiff in error.*

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

Poff, J., delivered the opinion of the court.

On November 5, 1971, Elly Joe Huggins was convicted of first-degree murder by a jury which fixed his punishment at death. After we had granted a writ of error to the judgment order, the Supreme Court of the United States in *Furman* v. *Georgia*, 408 U.S. 238 (1972), ruled that state statutes which authorize discretionary imposition of the death penalty offend the Eighth and Fourteenth Amendments to the Constitution of the United States.

Section 18.1-22 of the Code provides:

"Murder of the first degree shall be punished with death, or by

confinement in the penitentiary for life, or for any term not less than twenty years."

Insofar as it authorizes discretionary imposition of the death penalty, Virginia's statute is unconstitutional. With respect to the death sentence, the judgment is vacated.

Upon oral argument, Huggins confined himself to this issue and submitted the remainder of his case on the brief. His brief argues seven questions related to eleven assignments of error.

We have carefully measured each question against the authorities cited in the briefs and the facts disclosed in the voluminous record. We find no error. Rather, it appears that the investigating officers and the trial judge, at every stage of the proceedings, practiced every procedural safeguard and honored every substantive right which the law makes available to a suspect and an accused.

With respect to the jury's verdict of guilty, the judgment is affirmed.

■ In oral argument, the Commonwealth urged that this Court has the power, without remanding the case to the court below, to modify the jury's verdict and impose the lawful maximum sentence of life imprisonment.

The Commonwealth cites the decision of the California Supreme Court in *People* v. *Anderson,* 100 Cal. Rptr. 152, 493 P.2d 880 (1972). Holding that the death penalty violates the California Constitution, that court substituted life imprisonment for the death sentence imposed below.[1]

We find no guidance here. The California statute posits only two penalty options, viz., death or life imprisonment. Cal. Pen. Code §§ 190, 190.1 (West). The Virginia statute, Code § 18.1-22, structures an infinite variety of penalty options. Aside from death, these include a minimum of twenty years imprisonment, a maximum of life imprisonment, and, between the minimum and maximum imprisonment for any term of years.

In Virginia, when the court sits without a jury, the trial judge both tries the issue of guilt and fixes the penalty; when the accused demands a jury, the jury performs both functions. Code §§ 19.1-192, -291 and -292. The right to have the jury perform both functions is a part of the right of trial by jury.

---

[1] California's appellate courts are empowered by statute to "reduce the degree of the offense or the punishment imposed." Cal. Pen. Code § 1260 (1972 Supp.) (West).

We do not decide the extent of our authority under Article VI, § 6 of the Virginia Constitution and Code § 19.1-288 to modify a judgment order entered upon a sentence fixed by the trial judge or a jury. We merely conclude that this case should be and it is remanded for a new trial on the issue of punishment. This accords with the procedure we approved in *Snider* v. *Cox*, 212 Va. 13, 181 S.E.2d 617 (1971) and *Hodges* v. *Commonwealth*, 213 Va. 316, 191 S.E.2d 794, this day decided.

Such new trial shall be by jury or, with the consent of the defendant and the concurrence of the Commonwealth's attorney and the court, by the court sitting without a jury. At the new trial, the physical evidence admitted and marked as exhibits in the first trial may be considered, so much of the transcript of the testimony and proceedings in the first trial as may be necessary to show the nature of the offense charged and the circumstances under which it was committed may be read in open court, and such additional evidence as may be competent and relevant to the issue of punishment may be adduced.

*Affirmed in part, reversed in part and remanded.*