# Richmond

## LAWRENCE WRIGHT v. COMMONWEALTH OF VIRGINIA.

November 27, 1972.

Record No. 8134.

Present, All the Justices.

*Berry D. Willis, Jr.*, for plaintiff in error.

*Joseph H. Campbell, Commonwealth's Attorney for the City of Norfolk*, for defendant in error.

Per Curiam.

Defendant, Lawrence Wright, seeks a writ of error to the judgment of the court below convicting him of murder in the first degree, pursuant to the verdict of a jury, and sentencing him to death for the murder of Robert J. Bouchard, a member of the Norfolk Police Department.

Defendant contends that the trial court erred in not granting an instruction on murder in the second degree.

The evidence shows that on September 3, 1971, at about 10:30 p.m., Sgt. Robert J. Bouchard and several other members of the special services squad of the Norfolk Police Department were as-

signed to the task of patrolling the reputed high crime area near the intersection of Princess Anne Road and Colonial Avenue in the City of Norfolk. Shortly after they arrived at the scene, Sgt. Bouchard left his companions near the stated intersection and walked down an alley behind a building fronting on Colonial Avenue. He was dressed in slacks and a sport shirt.

Shortly after Bouchard left his companions, the latter heard a shot and upon investigation found Bouchard dead in the alley. He had been shot in the face by a rifle at close range. There were no witnesses to the slaying other than the defendant.

Shortly after discovery of Bouchard's body, the defendant was apprehended near the scene. Upon being questioned by the police, after being advised of his constitutional rights, defendant admitted ownership of the rifle and stated that he had fired the fatal shot.

In a statement to the police defendant admitted that he had left his home in the neighborhood for the avowed purpose of robbing sailors and others who might pass near the intersection of Colonial Avenue and Princess Anne Road. There was also evidence that he had expressed this intention to a witness who lived in the neighborhood.

At his trial defendant testified that while he was sitting on a doorstep in the alley he looked up and saw Sgt. Bouchard walking along the alley. He said that he ran toward him to get a light for his cigarette; that when he came close to Bouchard the latter reached into his right-hand pocket and started to pull out what he (defendant) thought was a gun; and that in the excitement of the moment he fired the shot which killed Bouchard. He denied that it was his intention to rob Bouchard. There was no evidence that Bouchard had been robbed.

An expert from the F.B.I. testified that the bullet which struck and killed Bouchard was fired from the rifle owned by defendant.

■ In *Wooden v. Commonwealth*, 208 Va. 629, 634, 159 S.E.2d 623, 627 (1968), we held that an instruction on murder in the second degree should not be given unless it was warranted by the evidence before the jury.

In the present case the evidence did not warrant the giving of an instruction on murder in the second degree. The jury could have properly returned only one of two verdicts: guilty of murder in the first degree, or not guilty. Hence the trial court did not err in refusing the instruction.

■ However, since the death penalty was imposed in this case, the writ of error is granted, the judgment is affirmed as to guilt and reversed as to punishment, and the case is remanded for a new trial only on the issue of punishment, to be conducted in accordance with the guidelines approved in *Snider* v. *Cox*, 212 Va. 13, 14, 181 S.E.2d 617, 618 (1971), and explicated in *Huggins* v. *Commonwealth*, 213 Va. 327, 191 S.E.2d 734 (1972). See also *Hodges* v. *Commonwealth*, 213 Va. 316, 191 S.E.2d 794 (1972).

*Affirmed in part,*
*reversed in part, and remanded.*