## Richmond

BERNARD ROSS FOGG v. COMMONWEALTH OF VIRGINIA.

August 28, 1974.

Record No. 730848.

Present, All the Justices.

*Charles R. Cloud,* for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

I'Anson, J., delivered the opinion of the court.

On November 26, 1966, the defendant, Bernard Ross Fogg, pleaded not guilty to three indictments charging him with rape, robbery and abduction. By consent entered of record, a jury was waived, and after hearing evidence the trial judge found the defendant guilty of the charges and sentenced him to death on

the rape charge and confinement in the State penitentiary on the other two charges. We affirmed the judgments in *Fogg* v. *Commonwealth*, 208 Va. 541, 159 S.E.2d 616 (1968).

However, on July 26, 1972, the United States Supreme Court vacated the judgment of this court insofar as it imposed the death penalty in the rape case on the ground that the punishment was constitutionally impermissible and remanded the case to this court for further proceedings.

Subsequently, we vacated the lower court's judgment only as to the imposition of the death penalty and remanded the case to the court below for a new trial on the issue of punishment alone.

On a retrial of the case limited to the issue of punishment, the defendant filed a motion asking for a jury trial, which motion was overruled by the trial court. Upon consideration of the evidence introduced at the original trial, the testimony of witnesses, letters filed with the court relating to the good conduct of Fogg in the State penitentiary, and the probation officer's report, the trial court sentenced the defendant to confinement in the penitentiary for the remainder of his natural life.

Defendant contends that the waiver of a jury in his 1966 trial was ineffective because the record does not show that he was informed by Judge Lawrence Bullock [1] that he had previously tried defendant's alleged accomplice.[2] We do not agree.

The record of defendant's original trial shows that the waiver of his right to a jury trial was entered after he had been fully advised by his counsel and Judge Bullock of his right to a jury trial. The record also shows, from questions asked of defendant and his counsel by Judge Bullock and their answers thereto, that defendant voluntarily, knowingly and intelligently waived his right to a jury with adequate awareness of the material circumstances and probable consequences. It is true that the record of the 1966 trial does not show that Judge Bullock asked the defendant if he knew that he had tried his alleged accomplice, Brickhouse; that he had found Brickhouse guilty of the charges against him; and that he had referred the case to a

---

[1] Judge Bullock had retired from the bench before defendant was tried in the present case.

[2] Defendant's accomplice was Elvin Brickhouse, Jr. *See Brickhouse* v. *Commonwealth*, 208 Va. 533, 159 S.E.2d 611 (1968).

probation officer for a report before fixing the sentence.[3] Such questions were unnecessary under the circumstances here. It is inconceivable that the defendant and his counsel did not know that Brickhouse had been tried by Judge Bullock three days before and what his findings were in that case. Moreover, the defendant has never testified in any proceeding that he did not know Judge Bullock had tried his accomplice when he waived his trial by a jury. This assertion was made for the first time in a footnote found in defendant's application for certiorari to the United States Supreme Court for the issuance of a writ of habeas corpus which had been denied by us.

■ Defendant says that the trial court erred in not allowing him a jury trial on the issue of punishment. We do not agree.

There is no constitutional right, either under the Constitution of Virginia or the Constitution of the United States, to a jury trial limited to the issue of punishment of one who has been found guilty of a crime. Article I, § 8, of the Constitution of Virginia, guaranteeing an accused the right to a jury trial, is the same right to a jury trial that existed at common law. At common law the jury determined the guilt or innocence of the accused and the court fixed the punishment. *Cooper* v. *Town of Appalachia*, 145 Va. 861, 864, 134 S.E. 591, 592 (1926); *Bracy* v. *Commonwealth*, 119 Va. 867, 872, 89 S.E. 144, 145 (1916). Thus, the constitutional right to a jury trial refers only to the right to have a jury determine guilt or innocence of an accused, not his sentence.

Article I, § 8, of the Constitution of Virginia further provides, in pertinent part:

". . . If the accused plead not guilty, he may, with his consent and the concurrence of the Commonwealth's attorney and of the court entered of record . . . waive a jury. In case of such waiver . . . the court shall try the case."

This language requires the court to determine the guilt or innocence of an accused and fix his punishment when an accused has pleaded not guilty and has voluntarily, knowingly and intelligently waived his right to a jury trial with the consent and concurrence of the Commonwealth's attorney and the court. *See Mickens* v. *Commonwealth*, 178 Va. 273, 282, 16 S.E.2d 641, 645,

---

[3] The record of the Brickhouse trial was introduced in evidence at Fogg's trial in the present case at the request of Fogg's counsel.

*cert. denied,* 314 U.S. 690 (1941). Moreover, when the court has found an accused guilty, the constitutional provision prohibits the court from then submitting the issue of punishment to a jury. *Dixon* v. *Commonwealth,* 161 Va. 1098, 1102, 172 S.E. 277, 278 (1934).

Under federal law the court, and not the jury, fixes punishment. There is nothing in the Constitution of the United States which gives the defendant the right to have his punishment fixed by a jury. *Williams* v. *People of State of New York,* 337 U.S. 241, 246 (1949); Fed. R. Crim. P. 32, 18 U.S.C. 4506.

The Virginia statutes provide that when the court sits without a jury, the trial judge tries the issue of guilt and also fixes the penalty. When the accused demands a jury, the jury performs both functions. Code §§ 19.1-192, -291, -292; *Huggins* v. *Commonwealth,* 213 Va. 327, 328,.191 S.E.2d 734, 736 (1972).

In *Snider* v. *Cox,* 212 Va. 13, 14, 181 S.E.2d 617, 618 (1971), we sanctioned "a trial to determine punishment alone where, under newly-announced constitutional principles, a felon's sentence had been set aside not because the jury that tried him could not constitutionally find him guilty, but because the jury as then constituted could not constitutionally impose the death sentence."

Defendant's reliance on *Snider, supra; Hodges* v. *Commonwealth,* 213 Va. 316, 191 S.E.2d 794 (1972); and *Huggins, supra,* is misplaced. In those cases and the cases he cited from other jurisdictions, the defendants did not waive a jury on the original trial as did the defendant here.

In the case at bar, we remanded the case to the court below for a new trial on the issue of punishment only, not a trial *de novo* on both the issues of guilt and punishment. The trial court's finding of guilt of the defendant in the 1966 trial remained undisturbed by us and the Supreme Court of the United States. Since the defendant voluntarily, knowingly and intelligently waived his right to a jury trial at his original trial, the new trial on the issue of punishment alone was in effect a continuation, or the second phase, of the 1966 trial, and he was thus not entitled to a jury trial on the issue of punishment.

There is no merit in defendant's argument that he was erroneously sentenced because one judge originally found him guilty and another judge subsequently resentenced him. Here

the transcript of the evidence in the original trial was before the trial judge, which, the record shows, he read and considered along with other evidence introduced by the defendant before imposing the life sentence. Such procedure was permissible under *Johnson* v. *Commonwealth,* 184 Va. 466, 475-77, 35 S.E.2d 770, 774-75 (1945), and the cases there cited.

■ Further, defendant argues that the trial court erred in permitting the Commonwealth to introduce the entire transcript of the evidence in defendant's 1966 trial in considering the punishment that was to be imposed upon him. We do not agree.

We said in *Snider, supra,* and *Huggins, supra,* that so much of the transcript of evidence adduced at the first trial may be read in open court as is reasonably necessary to show the nature of the offense charged and the circumstances in which it was committed. The defendant was invited by the trial court to point out what evidence adduced at the original trial was irrelevant to the issue then before it. The invitation was not accepted, and we cannot say that it was error to admit in evidence the entire transcript of the 1966 trial.

■ Finally, defendant says that the trial court erred in not permitting him to introduce evidence relating to the punishment imposed in other rape cases tried in the City of Norfolk. This contention is without merit. Punishment imposed on other defendants convicted of rape had no relevancy to the punishment the trial court imposed on the defendant in the present case. The punishment imposed in each case is to be determined in light of its own particular facts.

For the reasons stated, the judgment of the court below is

*Affirmed.*