COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Baker, Benton, Coleman,
         Willis, Elder, Bray, Annunziata, Overton and Bumgardner
Argued at Richmond, Virginia


LARRY JOE DARGAN, JR.
                                          OPINION BY
v.      Record No. 2239-96-3    JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


                   UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                 Keary R. Williams, Judge

        No brief or argument for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


        Convicted of possession of a weapon while an inmate in a

correctional facility, in violation of Code § 53.1-203(4), Larry

Joe Dargan, Jr., contends that the trial court erred (1) in

modifying his sentence more than twenty-one days after its

imposition and (2) in modifying his sentence without the

intervention of a jury. A divided panel of this Court reversed

the judgment of the trial court. See Dargan v. Commonwealth,

Record No. 2239-96-3, November 25, 1997 (unpublished). We stayed

the mandate of that decision and granted rehearing en banc. Upon

rehearing en banc, we affirm the judgment of the trial court.

        Dargan was convicted in a jury trial of possession of a

weapon while an inmate in a correctional facility, in violation

of Code § 53.1-203(4). That crime is a Class 6 felony,

punishable by "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury . . . confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both."  Code § 18.2-10(f).

The trial court erroneously instructed the jury that the punishment provided for Dargan's crime was a term of imprisonment of not less than one year nor more than ten years, or, in the discretion of the jury, confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both. The jury fixed Dargan's punishment at imprisonment for ten years.  By final order entered August 30, 1996, the trial court imposed that sentence.

By order entered October 28, 1996, the trial court ruled that the jury had been instructed erroneously and that the sentence imposed August 30, 1996 exceeded the term authorized by law.  Over Dargan's objection, it set aside five years of that sentence and imposed a sentence of five years imprisonment.

"'[T]he imposition of [a] void sentence does not terminate the jurisdiction of the [trial] court.'"  Powell v. Commonwealth, 182 Va. 327, 340, 28 S.E.2d 687, 692 (1944) (citation omitted). A trial court may correct a void or unlawful sentence at any time.  Id.

> A court may impose a valid sentence in substitution for one that is void, even though service of the void sentence has been commenced.  Where the sentence imposed is in excess of that prescribed by law, that part of the sentence which is excessive is invalid.  A sentence in excess of one

> prescribed by law is not void _ab_ _initio_
> because of the excess, but is good insofar as
> the power of the court extends, and is
> invalid only as to the excess.

_Deagle v. Commonwealth_, 214 Va. 304, 305, 199 S.E.2d 509, 510–11
(1973) (citations omitted).

In _Deagle_, the jury had four sentencing alternatives
available.  It chose two incompatible sentences.  The Supreme
Court concluded that "[c]ommon sense and reason dictate that the
jury, if it had been required to choose between the two
punishments it fixed, would have imposed the greater, the
penitentiary sentence, and not the lesser, the fine."  _Id._ at
306, 199 S.E.2d at 511.  It held that a trial court may
substitute a lawful sentence for a sentence that is excessive by
deleting the excessive portion of the invalid sentence.  _Id._  _See_
_also_ _Powell_, 182 Va. at 340, 28 S.E.2d at 692 (a trial court may
impose a valid sentence in substitution for a void one even
though the defendant has begun serving the void sentence).

Dargan contends that this case is controlled by _Hodges v._
_Commonwealth_, 213 Va. 316, 191 S.E.2d 794 (1972).  However,
_Hodges_ is legally and factually distinguishable.  In explaining
the inapplicability of _Hodges_ to the situation presented by this
case, the Supreme Court in _Deagle_ said:

> In both _Hodges v. Commonwealth_, 213 Va.
> 316, 191 S.E.2d 794 (1972), and _Huggins v._
> _Commonwealth_, 213 Va. 327, 191 S.E.2d 734
> (1972), the penalty fixed by the jury was
> death.  After _Furman v. Georgia_, 408 U.S. 238
> (1972), which rendered the sentences
> pronounced on those verdicts invalid, we
> declined to summarily reduce the death

> sentences of Hodges and Huggins to life imprisonment as urged by the Attorney General. For, as we noted in Hodges,
>
> " . . . it would be sheer speculation for us to conclude that, if death had not been a permissible punishment, the jury would have fixed the punishment at life imprisonment. The jury might well have agreed upon 99 years, as it did in the Ferguson murder".
>
> But the speculative element which was present in Huggins and Hodges is not present here.
>
> From the verdicts we know that the jury intended that Deagle be sentenced to serve ten years in the penitentiary on each indictment.

Id. at 306, 199 S.E.2d at 511 (quoting Hodges, 213 Va. at 321, 191 S.E.2d at 797).

The alternative sentences available in Hodges fell into three categories: (1) death, (2) life imprisonment, and (3) imprisonment for a term of years. The unavailability of sentencing in one category did not render either other category the automatic choice. In this case, the sentence imposed by the jury fell within a single classification, a term of years. The correct sentence imposed by the trial court fell within that classification and, indeed, was encompassed within the sentence imposed by the jury. By imposing a ten-year term, the jury unquestionably intended that Dargan should serve at least five years. Therefore, Deagle controls this case and the trial court did not err in conforming the sentence to a term permitted by law.

– 4 –

Dargan contends that the modification of his sentence by the trial court violated his constitutional right to have a jury fix his sentence.  We find no merit in this argument.  Dargan was tried and convicted by a jury which imposed upon him the sentence that he now serves.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

Elder, J., with whom Annunziata, J., joins, concurring.

I concur in the result but only because the sentence imposed by the jury pursuant to the erroneous instruction was the maximum term that would have been imposed under that instruction and the time set aside by the trial court resulted in the maximum sentence allowable by law. Because the jury imposed the maximum sentence authorized by the erroneous instruction, the trial court could ascertain by "[c]ommon sense and reason" what sentence the jury would have imposed had it been properly instructed. Deagle v. Commonwealth, 214 Va. 304, 306, 199 S.E.2d 509, 511 (1973). However, if the jury had imposed any sentence under the erroneous instruction other than the maximum, the court would have been forced to resort to speculation to determine what the jury's sentence would have been. In such a case, I would remand for resentencing.

Benton, J., with whom Fitzpatrick, C.J., and Coleman, J., join, dissenting.

A jury convicted Larry Joe Dargan, Jr., of possession of a weapon while an inmate in a correctional facility in violation of Code § 53.1-203(4) and malicious wounding in violation of Code § 18.2-51. Based upon an erroneous instruction concerning the penalty for the weapon possession conviction, the jury recommended a prison sentence of ten years, which was the maximum term stated in the instruction and is five years more than the maximum term permitted for a violation of Code § 53.1-203(4). See Code § 18.2-10(f). Based upon a proper instruction concerning the penalty for malicious wounding, the jury sentenced Dargan to ten years in prison, which is ten years less than the statutorily authorized maximum penalty. See Code § 18.2-51; Code § 18.2-10(c). The issue presented on this appeal is whether the trial judge or a jury should have resentenced Dargan when the error was discovered more than twenty-one days after entry of the conviction order. I believe Dargan is entitled to be resentenced by a jury.

The right to trial by jury "is fundamental to the American scheme of justice." Duncan v. Louisiana, 391 U.S. 145, 149 (1968); see Barker v. Commonwealth, 230 Va. 370, 374, 337 S.E.2d 729, 732 (1985). Furthermore, a properly instructed jury is essential to a fair trial. See Shepperson v. Commonwealth, 19 Va. App. 586, 593, 454 S.E.2d 5, 9 (1995). See also People v. Rone, 311 N.W.2d 835, 839 (Mich. Ct. App. 1981) (defendant's

right to a jury trial "includes the right to a properly instructed jury"); Herbert v. Travelers Indemnity Co., 193 So.2d 330, 337 (La. Ct. App. 1966) (right to trial by jury implies right to have all material evidence "be heard and passed on by a properly instructed jury").  A jury that is affirmatively misinformed as to the correct sentence range does not satisfy the right to trial by jury.

> "[J]uries cannot be allowed to speculate.  It is the function of the court to inform the jury of the law by which its [sentencing] verdict must be controlled.  The purpose of the instructions is to enable the jury to understand and apply the law to the facts of the case.  The accused has a right to have a jury pass upon the evidence under proper instructions."

Rone, 311 N.W.2d at 839 (citations omitted).  The trial judge's erroneous instruction violated Dargan's right to a correctly charged jury and impaired his right to trial by jury.

In Deagle v. Commonwealth, 214 Va. 304, 199 S.E.2d 509 (1973), the jury convicted the defendant of two felony offenses.  For each offense, the judge instructed the jury on the statutory range of four separate sentencing options.

> Under the statute the jury had four alternatives available in fixing Deagle's punishment.  These were:  (1) to impose a penitentiary sentence of not less than one nor more than twenty years; (2) to fix Deagle's punishment at a jail sentence not exceeding twelve months and a fine not exceeding $1,000; (3) to impose a jail sentence of not more than twelve months; or (4) to impose a fine of not more than $1,000.

Id. at 305, 199 S.E.2d at 511.  For each offense, the jury chose

two penalties, a penitentiary sentence and a fine, which were not compatible under the statute. Id. Significantly, however, the judge in Deagle had "correctly instructed [the jury] regarding the punishment which it might impose upon conviction" for each offense. Id. at 304, 199 S.E.2d at 510.

Because the Deagle jury was correctly instructed, the Supreme Court's decision upholding the trial judge's remedy for the incompatible sentences turned upon the Court's determination of the jury's intent in rendering the verdict. No speculation was required to conclude that the jury wanted to impose two units of punishment because the jury, in fact, had rendered those verdicts based on a proper instruction of the statutory range of punishment. Thus, the Supreme Court could rule with confidence "[f]rom the verdicts . . . that the jury intended that Deagle be sentenced to serve ten years in the penitentiary on each indictment . . . [and] to pay a fine of $1,000 on each indictment." Id. at 306, 199 S.E.2d at 511. The Supreme Court also had to decide whether the two units of punishment that the jury recommended for each conviction could be severed based upon the finding of the jury's intent. Concluding that they could, the Supreme Court noted that "[c]ommon sense and reason dictate that the jury, if it had been required to choose between the two punishments it fixed, would have imposed the greater, the penitentiary sentence, and not the lesser, the fine." Id. In other words, the Court approved the trial judge's decision to

eliminate the entirety of one of two specific sentences imposed.

That rationale is inapplicable in this case.  Unlike in Deagle, the judge at Dargan's trial erroneously instructed the jury on the statutorily permissible range of sentences. Consequently, the jury operated upon an invalid premise (the improper sentence range) and rendered a sentence that bears no connection to the permissible statutory punishment.  "The fact that the jury . . . reached its conclusions [on the weapons sentence] upon the application of an erroneous legal principle invalidates the [sentencing] verdict[]."  Shepperson, 19 Va. App. at 593, 454 S.E.2d at 9.  Thus, we can draw no valid or logical conclusions of the jury's intent from the sentence that the jury recommended and the trial judge imposed at Dargan's trial.

Based upon the erroneous instruction, the jury may have concluded that the legislature deemed the weapons offense to be a graver offense than it is.  We have no basis to logically infer that the jury, if properly instructed that the offense was not one punishable by ten years in prison, would have sentenced Dargan to the statutory maximum of five years in prison.  We cannot know whether the jury may have concluded that the ten-year sentence in the related malicious wounding conviction would justify an identical sentence in the weapons conviction perhaps to facilitate concurrent sentences.  We cannot possibly determine how and through what process the jury arrived at its sentence when the jury was not properly instructed.  We would doubly

speculate to reach such a conclusion and then assume that a properly instructed jury would have derived its sentence through the same process.  "[T]o hypothesize a . . . verdict that was never in fact rendered – no matter how inescapable the findings to support that verdict might be – would violate the jury-trial guarantee."  Sullivan v. Louisiana, 508 U.S. 275, 279 (1993).

Indeed, the jury's sentences at Dargan's trial tend to refute the majority's belief that the jury would have imposed the maximum sentence.  The jury did not sentence Dargan to the statutory maximum sentence that it could have imposed on the malicious wounding offense.  We can only conjecture what considerations of the evidence influenced the jury and factored into the jury's sentencing decision.  "[J]uries are not bound by what seems inescapable logic to judges."  Morissette v. United States, 342 U.S. 246, 276 (1952).  The truism that the majority constructs from Deagle, that the jury would have nonetheless given the maximum allowed sentence, is based in part on a premise that does not exist in this case, viz. that the jury was properly instructed.

Furthermore, even if we ignore the judge's erroneous instruction, a finding of the jury's intent from the sentence alone requires in this case, unlike in Deagle, sheer speculation.  The jury's sentence of Dargan to ten years in prison was an indivisible unit of punishment and not susceptible to parsing.  In Deagle, the ten-year penitentiary sentence the jury expressly

determined to impose was a unit of punishment authorized by statute. The fine that the jury imposed was also a statutorily authorized unit of punishment. Thus, in reaching its "common sense" solution in Deagle, the trial judge imposed an intact unit of punishment from a statutorily authorized punishment that the jury had selected.

The five-year sentence the trial judge imposed on Dargan is not a unit of punishment the jury expressly imposed. Thus, neither the trial judge nor this Court is able to determine whether the jury necessarily would have imposed a five-year sentence if properly instructed. The trial judge could only speculate that the unlawfully excessive verdict could be corrected by merely reducing it to the statutorily permissible maximum period of imprisonment. See, e.g., Hodges v. Commonwealth, 213 Va. 316, 320-21, 191 S.E.2d 794, 797 (1972) (holding that when a sentence of death was void, the Court could not speculate that the jury would have fixed punishment at life in prison, the maximum possible term of imprisonment, rather than a term of years). In Hodges and Huggins v. Commonwealth, 213 Va. 327, 191 S.E.2d 734 (1972), the Supreme Court recognized that even a properly instructed jury's verdict cannot be summarily reduced to the "lawful maximum sentence" where the Court is required to speculate that the jury would have done so. Id. at 328, 191 S.E.2d at 735-36.

Dargan's right to a jury trial "requires more than appellate

- 12 -

speculation about a hypothetical jury's action."  Sullivan, 508

U.S. at 280.  The majority's conclusion that a properly

instructed jury would have sentenced Dargan to the maximum term

allowable is not only speculative but has no bearing on the

question whether Dargan was denied the right to have a properly

instructed jury make the sentencing decision.

> In Virginia, when the court sits without a
> jury, the trial judge both tries the issue of
> guilt and fixes the penalty; when the accused
> demands a jury, the jury performs both
> functions.  The right to have the jury
> perform both functions is a part of the right
> of trial by jury.

Huggins, 213 Va. at 328, 191 S.E.2d at 736.  "'Trial by jury is a

sacred right, and should be sedulously guarded.'"  Supinger v.

Stakes, 255 Va. 198, 203, 495 S.E.2d 813, 815 (1998) (citation

omitted).  "[T]he right to a jury trial very likely serves its

intended purpose of making judicial or prosecutorial unfairness

less likely."  Duncan, 391 U.S. at 158.  "The constitution does

not allow an appellate court to arrogate to itself a function

that the defendant, under the [Constitution], can demand be

performed by a jury."  Rose v. Clark, 478 U.S. 570, 593 (1986)

(Blackmon, J., dissenting).

Because a jury convicted Dargan and determined his

punishment upon improper instructions, Dargan is entitled to have

a properly instructed jury reconsider his punishment.

> Under our Constitution the right of trial by
> jury is assured in criminal cases.  And where
> the defendant does not waive his right to
> trial by jury, the jury determines his guilt
> or innocence and, if guilty, ascertains his

punishment.

Deagle, 214 Va. at 305, 199 S.E.2d at 511 (citation omitted). Therefore, I would reverse the trial judge's ruling and remand this case for a new sentencing hearing before a jury on the conviction of possessing a weapon while an inmate in a correctional facility in violation of Code § 53.1-203.  See Code § 19.2-295.1.  See also Davis v. Commonwealth, 17 Va. App. 666, 675, 440 S.E.2d 426, 432 (1994).