KENNETH JAMES MELLER, APPELLANT, v.
THE STATE OF NEVADA, RESPONDENT.

No. 9111

July 5, 1978                                                581 P.2d 3

*Horace R. Goff,* Nevada State Public Defender, and *J. Thomas Susich,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Steve McMorris,* District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted, by jury verdict, of robbery of the

---

[3]The Governor designated Hon. Merlyn H. Hoyt, Judge of the 7th Judicial District, to sit in place of HON. GORDON THOMPSON, Justice, who was disabled. Nev. Const. art. 6 § 4.

Nevada National Bank at Zephyr Cove, Nevada (NRS 200.380) and murder of a Nevada Highway Patrolman on October 14, 1975 (NRS 200.010; NRS 200.030). He was subsequently sentenced to death pursuant to NRS 200.030(1)(a) and NRS 200.030(5), which provide for a mandatory death penalty for the murder of a peace officer acting in his official capacity.[1] Appellant contends NRS 200.030(5), as applied to NRS 200.030(1)(a), is unconstitutional. We agree.

The U.S. Supreme Court recently annulled a similar statutory provision, stating: "[I]t is essential that the capital-sentencing decision allow for consideration of whatever mitigating circumstances may be relevant to either the particular offender or the particular offense. [Footnote omitted.] Because the . . . statute does not allow for consideration of particularized mitigating factors, it is unconstitutional." Roberts v. Louisiana, 431 U.S. 633, 637 (1977). *Cf.* Smith v. State, 93 Nev. 82, 560 P.2d 158 (1977).

In our view, *Roberts* is controlling and dispositive of the present appeal. As in *Roberts,* Meller was convicted of murdering a police officer who, at the time of his death, was engaged in the performance of his lawful duties. Similarly, Meller was tried, convicted, and sentenced under a death penalty statute which failed to provide for consideration of mitigating factors.[2]

Accordingly, pursuant to the mandate of *Roberts,* appellant's sentence of death must be, and is hereby, vacated. The

---

[1] In 1975, and at all times relevant to these proceedings, NRS 200.030(1)(a) provided, in pertinent part:

"Capital murder is murder which is perpetrated by:

"(a) Killing a peace officer . . .:

"(1) While such officer . . . is acting in his official capacity . . .; and

"(2) With knowledge that the victim is or was a peace officer. . . ."

In 1975, and at all times relevant to these proceedings, NRS 200.030(5) provided:

"Every person convicted of capital murder shall be punished by death."

These sections of NRS 200.030 were amended by 1977 Nev. Stats. ch. 585.

[2] *Compare* NRS 200.030(1)(a), *supra* note 1, *with* La.Rev. Stat. Ann. § 14:30, which, before amended, provided, in pertinent part:

"First degree murder is the killing of a human being:

. . . .

"(2) When the offender has a specific intent to kill, or to inflict great bodily harm upon, a . . . peace officer who was engaged in the performance of his lawful duties. . . .

. . . .

"Whoever commits the crime of first degree murder shall be punished by death."

penalty imposed upon appellant is life imprisonment without possibility of parole.[3] *See* Smith v. State, supra.

Ancillary claims of error are without merit and, accordingly, the district court judgment is affirmed, as modified.[4]

---

[3]We are cognizant of the sentencing procedures recently approved by the U.S. Supreme Court in Dobbert v. Florida, 432 U.S. 282 (1977). However, because the present case is factually distinguishable from *Dobbert,* we find those procedures inapposite. *See* State v. Rodgers, 242 S.E.2d 215 (S.C. 1978), where the South Carolina Supreme Court also declined to apply *Dobbert* to a factual situation similar to that involved here.

[4]The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable Llewellyn A. Young, Judge of the Sixth Judicial District, to sit in place of The Honorable Noel E. Manoukian, Justice, who voluntarily disqualified himself in this case.